(November 10, 1915.)

POWELL-SANDERS CO., a Corporation, Appellant, v. R. BELLE CARSSOW, Administratrix of the Estate of O. C. CARSSOW, Deceased, Respondent.

[152 Pac. 1067.]

DECEASED PERSON—ESTATE OF—CLAIM AGAINST—FILING OF—ALLOWANCE OF — REJECTION OF — STATUTE OF LIMITATION — ESTOPPEL—PLEADING.

1. Where one holds a claim against the estate of a deceased person and the claim is made out and sent to the attorney of the administratrix, and the administratrix suggests that certain payments have not been credited on such claim, and has her attorney investigate the matter, and asks for a full and complete statement of the deceased's account, and such account is made out and sent to the administratrix or her attorney, and the administratrix then refuses or neglects to indorse an allowance or rejection of such claim for ten days thereafter, and an action is brought thereon within three months after the date of such rejection or failure to allow, such action is not barred by the provisions of sec. 5468, Rev. Codes.

[As to statute of limitations and its effect on claims against estates of decedents, see note in 130 Am. St. 324.]

2. *Held*, that the administratrix did not refuse nor neglect to reject said claim until after she had received the complete statement of the account of the deceased in October, 1913.

3. Under the provisions of sec. 4217, Rev. Codes, the statement of any new matter in the answer in avoidance or constituting a defense or counterclaim must on the trial be deemed controverted

by the opposite party; and where a question of the statute of limitations is raised by the answer, the question as to whether the defendant is not estopped from raising that question may be determined without pleading estoppel in the complaint.

4. *Held,* under the facts of this case, that the administratrix is estopped from defending this action on the ground that it is barred by the provisions of sec. 5468, Rev. Codes, since this action was brought within three months after the date of the rejection of said claim.

5. *Held,* under the facts and the law that the court erred in granting a nonsuit and entering judgment in favor of the respondent.

APPEAL from the District Court of the Second Judicial District for Latah County. Hon. Edgar C. Steele, Judge.

Action to recover a claim against the estate of a deceased person for merchandise sold and delivered. Judgment for defendant. *Reversed.*

C. J. Orland, for Appellant.

A claim may still be pending and unrejected before an administrator, even though the ten days have passed without indorsement. (*Estate of Coryell,* 16 Ida. 201, 101 Pac. 723; *Miller v. Lewiston etc. Bank,* 18 Ida. 124, 108 Pac. 901.)

It is the law that a short statute of limitations relating to claims against an estate "is highly penal, and must be strictly construed." (*Elliot v. Cronk's Admrs.,* 13 Wend. (N. Y.) 35, 39; *Kidd v. Chapman,* 2 Barb. Ch. (N. Y.) 414, 422; *Calanan v. McClure,* 47 Barb. (N. Y.) 206; *Ulster County Sav. Inst. v. Young,* 161 N. Y. 23, 55 N. E. 483.)

The statute is not a bar to the present proceeding. The administratrix made appellant believe that she had neither refused nor neglected to allow its claim, within the meaning of the statute. Since appellant relied and acted upon such belief, until its position has changed, respondent ought now to be forbidden to say the contrary to her former representations. (*Barsalow's Case,* 4 Abb. Pr. (N. Y.) 135.)

J. H. Forney and Frank L. Moore, for Respondent.

If an executor or administrator of the estate of a deceased person refuse or neglect for ten days to indorse his allowance or rejection upon any claim presented to him, such claim *ipso facto* becomes a rejected claim. (Rev. Codes, 5466; *Rice v. Inskeep,* 34 Cal. 224.)

Such claim need not be reported to or be filed in the probate court by the executor or administrator. (Rev. Codes, secs. 5466, 5467, 5593; *Chandler v. Probate Court,* 26 Ida. 173, 141 Pac. 635.)

A party to an action cannot avail himself of the benefits of an estoppel, unless he plead it. (*Leland v. Isenbeck,* 1 Ida. 469; *McKeen v. Naughton,* 88 Cal. 462, 26 Pac. 354; *De Votie v. McGerr,* 15 Colo. 467, 22 Am. St. 426, and footnote, 24 Pac. 923; *Tyler v. Hall,* 106 Mo. 313, 27 Am. St. 337, and footnote, 17 S. W. 319; *Dwelling-house Ins. Co. v. Johnson,* 47 Kan. 1, 5, 27 Pac. 100; *Davis v. Davis,* 26 Cal. 23, 39, 85 Am. Dec. 157.)

There being no misrepresentations of a material fact by the respondent, which led the appellant to a course of conduct prejudicial to its interests, there can be no estoppel. (*Bank of Orofino v. Wellman,* 26 Ida. 425, 143 Pac. 1169; *Leland v. Isenbeck, supra.*)

SULLIVAN, C. J.—This is an action upon the claim of plaintiff against the estate of O. C. Carssow, deceased, amounting to $6,837.99, with interest. The respondent, as administratrix, is defending upon the ground that the claim is barred by the statute of nonclaim or limitation. The action was tried before the court with a jury and at the close of the evidence the defendant moved for a judgment of nonsuit, the principal ground of which was that the evidence showed that the suit was not brought within three months after the expiration of ten days from the presentment of said claim to the administratrix for allowance. The motion was granted and judgment entered in favor of the defendant. The appeal is from the judgment.

It appears from the record that O. C. Carssow died at Moscow, Idaho, on May 27, 1913; that deceased had been engaged in the retail mercantile business for a number of years prior to his death and had purchased goods from the appellant and at his death was indebted to it; that respondent, his wife, was appointed administratrix of his estate; that before the claim was presented and on July 3, 1913, Mr. Powell, president of the appellant corporation, went from Spokane to Moscow to meet Mrs. Carssow, at her request; that at that time she referred him to Mr. Nesbet as her attorney in the administration proceedings; that before the claim was prepared and presented there was a conversation about it between Mr. Powell and attorney Nesbet, and the latter expressed the opinion that an itemized account or claim covering the last two or three years immediately preceding the death of the deceased would be sufficient; that the claim was made out in that way and sent to Nesbet to be presented to the administratrix, on or about July 10, 1913; that the administratrix raised some question about the application of certain credits on said account, and her attorney made two trips to Spokane to investigate the matter further; that in pursuance of this arrangement between Nesbet and his client, he made two examinations of the account in the office of appellant; that after the first examination he reported to his client that he had gone back to a certain point in the books and the whole account went back much further; that the respondent claimed that the deceased had not dealt with appellant for the length of time indicated, and Nesbet went to Spokane again and examined the account, beginning where he left off before and going back to the very commencement of the account; that at that time Nesbet had conversations with Powell, the president of the appellant company, about the account and the progress of his investigations; that these examinations were both prior to October 6, 1913; that there was an interval of about a month between the two examinations by Nesbet, and that both visits to Spokane were prior to the expiration of three months following the ten-day period

mentioned in sec. 5466, Rev. Codes; that after Nesbet's second investigation he said to the assistant treasurer of the plaintiff corporation, referring to the credits that the administratrix had questioned as not being properly applied, that he understood how these credits had been applied and that he would recommend the allowance of the claim.

These occurrences led the plaintiff to believe that the claim was simply being held up for investigation, and upon the favorable report of the attorney the claim would be allowed. After Nesbet's two investigations of the company's books, so far as the account of the deceased was concerned, on October 6th he wrote to the plaintiff suggesting a more complete statement for demonstration to the probate judge, which letter is as follows:

"Oct. 6, 1913.

"Powell-Sanders Co.,
    "Spokane, Wn.
"Gentlemen:

"We are writing you in regard to the O. C. Carssow estate, for the purpose of inquiring whether or not you have taken up with the probate court here the matter of proving your claim therein. Probate Judge W. F. Morgareidge is ill today, but will probably be out again in a few days, when the matter could be taken up with him. Your statements thus far, we believe, have failed to show all the credits and purchases since you first opened up dealings with Mr. Carssow.

"Trusting that you will attend to this matter at your earliest convenience and at the earliest convenience of the Court, we are              Yours very truly,
                    "NISBET & MASON,
                        "By J. NISBET.

"P. S.—The Court will not approve the claim as it now stands."

In reply to said letter the appellant sent a new statement, which covered every transaction had between appellant and the deceased from the time the account commenced. This

clearly indicates the negotiations that took place in regard to said claim. The administratrix desired to satisfy herself that all credits had been properly allowed, and on the side of the appellant they wished to show the correctness of its account. Shortly before the time had elapsed when suit must have been brought if the claim had been really rejected at the end of the ten days after the presentation thereof as provided by the statute, the attorneys of the appellant wrote a letter to the attorneys for the administratrix, in words and figures as follows:

"Oct. 16, 1913.

"Nisbet & Mason,
      "Attorneys at Law,
          "Moscow, Idaho.
"Gentlemen:

"In regard to the claim of Powell-Sanders Company against the estate of O. C. Carssow, deceased, we ask you to kindly write us whether or not this claim has been rejected by the administratrix and if so to give us the date of such rejection.

"Our understanding is that no action has been taken on the claim, and that the administratrix is investigating with a view to taking action later on. In view of the fact that it is necessary to begin suit promptly after the rejection of a claim, we wish to avoid any possible misunderstanding and hence are writing asking you to let us know definitely whether there has been a rejection of this claim in order that we may not allow any rights to lapse by the failure to act promptly.

"Powell-Sanders Company are to-day forwarding you an amended claim showing the entire account of that company with Mr. Carssow. Please let us hear from you promptly with the above information.          Yours truly,
          "ZENT, POWELL & REDFIELD,
              "By EDW. B. POWELL."

Nesbet's reply to said letter is as follows:

"Oct. 18, 1913.

"Messrs. Zent, Powell & Redfield,

"Attorneys at Law,

"Spokane, Wn.

"Gentlemen:

"In re claim of Powell-Sanders Company against the estate of O. C. Carssow, deceased, will state that your amended claim was turned over to the Court to-day. The former claim was not rejected so no statute is running against the claim.

"We will see that the administratrix takes up the matter the first of the week and takes action thereon. The claim appears to be in good shape and there should be no trouble in disposing of the matter.

"We will write you again as soon as action is taken in the matter.                    Yours truly,

"JOHN NISBET."

Appellant's attorneys also wrote to the probate judge in regard to said claim, which letter is as follows:

"Oct. 16, 1913.

"Will F. Morgareidge,

"Probate Judge,

"Moscow, Idaho.

"Dear Sir:

"We write you regarding the claim of Powell-Sanders Company against the estate of O. C. Carssow, deceased. Our understanding is that this claim is being investigated by the administratrix and her attorneys and that no action has been taken on it as yet. As the claim was presented some little time ago we wish to avoid any possible misunderstanding and would like you to let us know whether we are correct in believing that it has not been rejected. If the claim has been rejected will you please let us know the date so that we will not allow the time limit to elapse before bringing suit.

"At the request of Nesbet & Mason Powell-Sanders Company are today forwarding them an amended claim, setting out the complete account from the time the company began doing business with Mr. Carssow.

"Thanking you for a prompt reply conveying the above information, we are,

                    "Yours truly,
          "ZENT, POWELL & REDFIELD,
                    "By ED. B. POWELL."

The probate judge's reply is as follows:

                              "November 4th, 1913.
"Zent, Powell & Redfield,
    "Spokane, Washington.
"Gentlemen:

"Mrs. Carssow's children have been sick, so that she has not been able to attend to business for some time.   She will be in and take some action on matters pending some time this week.                    Very truly yours,

          "WILL F. MORGAREIDGE,
                    "Probate Judge."

It is clear from these letters and other evidence introduced that the conduct and language of the administratrix and her attorney amounted to a representation that no action had been taken within the ten-day limit except to begin an investigation which was not completed for some time thereafter. The appellant was given reason to believe that the claim would be allowed when understood by the administratrix, and that she had neither refused nor neglected to indorse her allowance of such claim thereon, but wanted time to examine and check the entire account and satisfy herself that it was all right.   The appellant believed that the administratrix had concluded that it was necessary to investigate said matter, and she simply wanted time for that purpose. Her attorney testified that he and the administratrix examined said claim between the 10th and 20th of July, 1913, shortly after the first claim was received, and found there were several payments by checks, and testified, "or, rather, checks, vouchers which had been returned, that didn't show on this statement.   The account showed a certain balance as being due, and then the goods received from that time on, and we were investigating the matter as to where these credits

were applied. . . . . We had a conversation in regard to the account as to—Mrs. Carssow contended that there was more paid on the account than the account showed, and it was agreed between us that I should examine the books in Spokane.''

It is evident from the record that some action was taken during the ten days after the first presentation of the claim, and that the failure to indorse an allowance on the claim at the end of the ten days was not due either to a refusal or neglect, but simply to a desire to investigate and ascertain whether all payments had been credited. It is evident that neither of the parties considered the claim a rejected claim during the time as long as four or five months after the first presentation. The record shows that the parties and their attorneys and the probate judge understood the true situation, which was that the administratrix wanted to make sure about the application of certain payments before she allowed the claim. The probate judge testified in part as follows: ''At the time Mr. Nisbet and Mrs. Carssow and I talked together there were a number of claims and they were uncertain, part of them by Mr. Nisbet and, I presume, part by Mrs. Carssow; that was the arrangement, and Powell-Sanders were notified under date of August 4th that the claim was being held for investigation.''

''Q. Who notified them?   A. I did.''

No doubt the administratrix was acting in good faith in holding the claim open, until she was advised she could avoid the payment of said claim by defending on the ground that she had neglected to indorse an allowance or rejection of said claim for ten days after it had been presented to her.

Said statute of limitation is very short, is highly penal, and ought to be construed so as to conform to the understanding of the parties during the negotiations while trying to adjust said claim, if such construction is reasonable.

The part of sec. 5466, Rev. Codes, particularly applicable here is as follows:

''If the executor or administrator, or the judge, refuse or neglect to indorse such allowance or rejection for ten days

after the claim has been presented to him, such refusal or neglect is equivalent to a rejection.''

Under the provisions of this section, respondent's contention is that inasmuch as the action was not commenced until more than three months after the expiration of ten days from the first presentment of said claim, no indorsement having been made by the administratrix within the ten-day period, the limitation had run against the appellant. Counsel for the appellant contends that the three-months' period did not commence to run at the end of the ten days following the first presentment, and in fact did not commence to run until a considerable time thereafter, because of certain understandings between the parties in regard to investigations to be made by the administratrix to ascertain whether the proper credits had been allowed on said bill, and on request to the appellants to furnish an itemized statement of the goods purchased by the deceased from the time he opened his account with them, and that the statutory time would begin to run at the end of ten days provided the administratrix had refused or neglected to make proper indorsement on said claim, and that the failure to indorse, under the facts of this case, was neither a refusal nor neglect, and that the peculiar circumstances of the case present a clear instance of suspension of the running of said statute by agreement.

The word ''refuse,'' as used in said statute, implies an attitude toward some demand. If the demand is abated or temporarily withdrawn, there can be no refusal so long as the demand is eliminated. So in connection with this statute, if all parties concur in an extension of time to meet the demand for an investigation, then there is no demand for prompt action and consequently no refusal, as refusal cannot exist apart from demand. The word ''neglect'' means nothing but a failure to perform, due to negligence. The reasonable definitions of ''refuse'' and ''neglect'' cannot apply where a necessary extension of time is agreed upon by the parties or where a promise to hold open must be necessarily inferred from the facts of the case.

The record shows that the appellant did rely upon the conduct and statements of the administratrix and her attorney until three months were gone from the time the claim was first presented. The evidence clearly shows the position of the administratrix in this matter. The record shows that the appellant acted in perfect good faith in the matter, and was perfectly willing to give the administratrix time to make any investigations she desired before bringing suit, and it appears from the record that she did not deny the justice of the claim, but that she thought that certain payments had been made thereon for which the deceased had not been given credit. Negotiations had been kept up, indicating that the matter was still open for settlement and there was no intimation by the administratrix of her rejection or refusal to allow the claim, at least in part. If the administratrix had intended to insist upon the rejection of plaintiff's claim, why did she not so state to the plaintiff instead of leading it to believe that the matter was open for investigation? In honor and good faith she was bound to disclose to the appellant that her intention was to reject said claim and not lead it to believe that only a part of it was objected to and that she wanted further time to make investigation thereof. The evidence shows that the acts of the administratrix and her attorney were inconsistent with the idea that the claim had been rejected. From the evidence it appears that the appellant had good reason to believe, and did believe that its claim had not been rejected.

Said statute of limitations is a valid defense when the facts warrant it; but when, as under the facts of this case, the claim was not rejected but held open until the administratrix had time to make certain investigations, and both parties honestly acted on that hypothesis, that defense ought not in all fairness to be allowed. If the administratrix had given the appellant to understand that either by refusing to indorse said claim or by any neglect on her part she had intended to reject said claim, a different question would be presented. If she had taken that attitude at the outset, ap-

pellant would have known where it stood and would have been bound to act in the matter. The record shows that there was a mutual effort to get at the right of said claim, or at least on the part of appellant to give respondent ample time to satisfy herself that all proper credits had been made on said claims. We are satisfied from the evidence in the record that said statute of limitations is not a bar to the present proceeding. The administratrix led the appellant to believe that she had neither refused nor neglected to allow its claim, within the meaning of said statute. We therefore hold that said statute did not begin to run ten days after the 10th of July, 1913, when said claim was first sent to respondent's attorney, and did not begin to run until October 16, 1913.

Counsel for respondent contends that respondent is not estopped from claiming the benefit of the statute of limitations, since no estoppel was pleaded. It is true the amended complaint declares upon a claim presented in October, 1913, that being the date when the complete account was sent to her. This claim really was in response to the request of the administratrix for a full statement of the entire account of the deceased with the appellant. The first claim presented was made through Nesbet, attorney for the respondent, and was not as full and complete as respondent desired. A demand was made for a more complete statement of the claim, which after considerable work was furnished, and the complete claim was not presented until October. When the answer was filed, it was claimed that the first presentment was made in July, and the question of estoppel did not become material, so far as the allegations of the complaint were concerned, until after the filing of the answer. The appellant probably did not anticipate that the respondent would plead such a defense. (See *Moore v. Copp,* 119 Cal. 429, 51 Pac. 630.) Under our system of pleading, the plaintiff is not required to anticipate matters of defense. Upon a proper showing the court would no doubt have allowed the plaintiff to amend its complaint. An objection to the introduc-

tion of any evidence showing estoppel was not made during the trial of the case, on the ground that it was not pleaded. If such an objection had been clearly made, no doubt appellant would have asked permission to amend its complaint. As such objection was not made, the respondent will not now be permitted to raise it for the first time on appeal.

It is true that the general rule is where a party relies upon estoppel, he must plead it; but as the amended complaint was drawn, the appellant did not rely upon an estoppel because it misapprehended the fact in regard to the time of the presentation of said claim, and had respondent objected to any evidence showing the estoppel during the trial, the plaintiff, as before stated, no doubt would have obtained permission to amend its complaint. The respondent certainly has not been misled in this case because of the failure of the plaintiff to plead an estoppel.

No doubt when a cause of action rests upon estoppel, the facts constituting estoppel must be pleaded in the complaint, but such was not the case here, for the necessity of proving an estoppel appeared only after the answer of the defendant. Under our system of pleading (sec. 4217, Rev. Codes) the statement of any new matter in the answer in avoidance or constituting a defense or counterclaim must on the trial be deemed controverted by the opposite party. The plaintiff in this case, then, was entitled to show that said defense was not a valid one, for the reason that the respondent was estopped from relying on said statute of limitations. Had the plaintiff plead in its amended complaint that the claim was presented on July 10, 1913, and relied upon an estoppel to prevent the running of the statute of limitations, it must of necessity have pleaded an estoppel; but since the answer raised the necessity of establishing an estoppel, the plaintiff was not required to plead it in its complaint.

We therefore conclude that the court erred in granting a nonsuit and entering judgment in favor of the defendants. The judgment is reversed and the cause remanded for fur-

ther proceedings in accordance with the views expressed in this opinion.   Costs awarded to the appellant.

Budge, J., concurs.

Morgan, J., did not sit at the hearing and took no part in the decision of this case.