ROBERT D. HOLT, Appellant, v. PETER MICKELSON, Administrator of the Estate of CHRIS MICKELSON, Respondent.

[242 Pac. 977.]

ESTATES—ADMINISTRATOR — CLAIMS — PRESENTATION — REJECTION— NOTICE.

1. C. S., sec. 7584, is a short and highly penal statute of non-claim and should not be extended beyond the intent of the legislature as expressed in the statute.

2. Under C. S., secs. 7584 and 7586, notice of rejection must be given by the administrator to the claimant, his agent or attorney, personally or by mail.

APPEAL from the District Court of the Fifth Judicial District, Franklin County. Hon. O. R. Baum, Judge.

Action on note. Judgment for respondent. *Reversed.*

Evans & Morgan, for Appellant.

Short penal statutes of limitations relating to claims against an estate are highly penal and must be strictly construed. To entitle a personal representative to the benefit of it the statute must be complied with in all its essential particulars. (*Ulster County Sav. Inst. v. Young,* 161 N. Y. 23, 55 N. E. 483; *Ind. School Dist. v. Collins,* 15 Ida. 535, 128 Am. St. 76, 98 Pac. 857; *Estate of Coryell,* 16 Ida. 201, 101 Pac. 723; *Miller v. Lewiston State Bank,* 18 Ida. 124, 108 Pac. 901; *Powell-Sanders Co. v. Carssow,* 28 Ida. 201, 152 Pac. 1067; *Hooks v. Martin* (Tex. Civ. App.), 229 S. W. 592; *Potts v. Baldwin,* 67 App. Div. 434, 74 N. Y. Supp. 655.)

Thomas & Andersen and Merrill & Merrill, for Respondent.

This claim was presented and disallowed by the administrator, who within ten days thereafter gave sufficient notice to the claimant of the rejection of said claim. (C. S., sec.

7584; *In re Jacobs,* 109 App. Div. 293, 96 N. Y. Supp. 133; *Gardner v. Pitcher,* 109 App. Div. 106, 95 N. Y. Supp. 678; *Peter v. Stuart,* 21 N. Y. Supp. 993; *Lockwood v. Dillenbeck,* 104 App. Div. 71, 93 N. Y. Supp. 321; *Miller v. Ewing,* 68 Ohio, 176, 67 N. E. 292; *Cowgill v. Dinwiddie,* 98 Cal. 481, 33 Pac. 439.)

This is a statute of nonclaim and the administrator cannot waive it. (*Mann v. Redmon,* 23 N. D. 508, 137 N. W. 478.)

GIVENS, J.—Action instituted by appellant to recover on a note given by respondent's decedent during his lifetime.

The claim was presented during August, 1921, by P. J. Evans, the duly authorized attorney of Holt, to A. L. Merrill, attorney for three of the four heirs, who informed Evans he was not the attorney for the fourth heir, but would send the claim to Judge F. J. Cowen, attorney for the fourth heir, who was also administrator, and have the administrator act upon it; thereupon Evans would be advised. Thereafter the claim was sent to Judge Cowen, who presented it to the fourth heir and administrator of the estate, who marked the claim "rejected" and Judge Cowen so notified Merrill, who wrote the following letter to Evans, which was received by him:

"Please be advised that the administrator disallowed Holt's claim on September 15, 1921.

"The rejected claim has been filed with the Probate Court."

C. S., sec. 7586, provides that when a claim is rejected, suit must be brought within three months after notice of its rejection, if it be then due, otherwise the claim is forever barred. Suit on the claim not having been brought for some nine months after the notice given, the court found in favor of respondent. This appeal is taken on the theory that notice of the rejection of the claim was not given in compliance with C. S., sec. 7584, the pertinent portion of which is:

" . . . . If the executor, administrator, or judge reject the claim or disallow any part thereof, he shall within 10 days thereafter notify the claimant, his agent or attorney, by mail or personal notice of such rejection or disallowance . . . . "

This statute of nonclaim is short and highly penal (*Powell-Sanders Co. v. Carssow,* 28 Ida. 201, 152 Pac. 1067), and should not be extended beyond the intent of the Legislature as expressed in the statute, as held by this court in considering a penal statute of limitation of a similar nature. (*Independent School Dist. v. Collins,* 15 Ida. 535, 128 Am. St. 76, 98 Pac. 857.) Notice of the rejection of the claim must be given by the administrator to the claimant or his agent or attorney personally or by mail. The notice of rejection was not given by the administrator, hence the statute was not complied with. The mere fact that Evans knew informally that the claim had been rejected would not take the place of the statutory notice necessary to fix the rights of the interested parties. The judgment is ordered reversed.

Costs awarded to appellant.

William A. Lee, C. J., and Wm. E. Lee and Budge, JJ., concur.

Petition for rehearing denied.