(No. 5027. April 5, 1928.)

THE DEVEREAUX MORTGAGE COMPANY, a Corporation, Appellant, v. GRACE I. HUGGINS, Administratrix of the Estate of JOSIAH E. MILLER, Deceased, EDWARD C. DAVIS, C. M. OBERHOLTZER and T. BAILEY LEE, Trustees, and UTAH STATE NATIONAL BANK, a Corporation, Respondents.

[266 Pac. 421.]

Bissell & Bird, for Appellant.

S. T. Lowe, for Respondents.

VARIAN, Commissioner.—This is an action to foreclose a mortgage on real estate and to recover judgment for any deficiency against respondent Grace I. Huggins, as administratrix of the estate of Josiah E. Miller, deceased.

On January 17, 1917, one Floyd E. Tams and wife mortgaged a farm in Cassia county to appellant, to secure a promissory note for $1,100, due January 1, 1922. Thereafter, the mortgagors conveyed the mortgaged lands and premises to one E. R. Alvord, and Alvord and wife conveyed them, in turn, to Josiah E. Miller, by warranty deed dated September 18, 1918. The deed to Alvord and the deed to Miller contained the provision:

"This deed is made subject to a mortgage of eleven hundred and no/100 dollars ($1100.00), which said party of the second part assumes and agrees to pay."

Miller died intestate in Cassia county, Idaho, December 8, 1923, and letters of administration duly issued to respondent Grace I. Huggins January 29, 1924, who thereupon qualified as administratrix, and caused notice to creditors to be published, pursuant to order of the probate court, for the time prescribed by statute and the said order of the probate court, requiring all persons having claims against said deceased to exhibit them with the necessary vouchers to S. T. Lowe, attorney for the administratrix, at his office in Burley, Cassia county, Idaho, within ten months after the first publication of said notice. The date of the first publication thereof was January 31, 1924. On December 1, 1924, appellant presented its claim, in writing, verified by one of its attorneys, by delivering the same to S. T. Lowe, attorney for the administratrix respondent, personally at his office as directed by the notice, the claim being based upon the note and mortgage sought to be foreclosed in the present action. Under date of December 2, 1924, the said S. T. Lowe addressed and mailed to appellant's attorneys at Gooding, Idaho, a letter containing

the following statement, to wit: "You are hereby notified that the claim of the Devereaux Mortgage Company against the estate of Josiah E. Miller, deceased, filed on the 1st day of December, 1924, was this day disallowed by the administratrix of said estate"—and signed his name thereto, "S. T. Lowe."

On December 24, 1924, appellant commenced an action, numbered 2424, against the said administratrix, in the district court of the eleventh judicial district, for Cassia county, for judgment upon said sum of $1,100 and interest, and for attorney's fees, alleging the presentation of said claim against the estate of Josiah E. Miller, deceased, the receipt of the letter aforesaid from the attorney for the administratrix disallowing said claim, and praying that it be adjudged a valid claim against said estate, but not asking for a foreclosure of the mortgage. A general demurrer was interposed, which was sustained by the trial judge, and on October 27, 1925, appellant was given twenty days in which to amend its complaint. No amended complaint was filed, and on January 13, 1926, a judgment finally dismissing said action was duly entered. The present action was commenced November 2, 1925, and the claim upon which it is based, as found by the trial judge, was disallowed, as above stated, on December 2, 1924. The court further found that the letter of December 2, 1924, disallowing appellant's claim was written by said attorney for respondent administratrix, at her request and direction, and that appellant's claim against the estate of Josiah E. Miller, deceased, is barred by the provisions of C. S., sec. 7586. The court decreed foreclosure and sale of the mortgaged property to satisfy the amount due appellant but denied any other or further relief.

 Appellant contends that the court erred in admitting parol testimony to prove that the letter advising appellant's attorney of the rejection of the claim on December 2, 1924, was written at the "direction and request" of the administratrix. It is not necessary to decide this question because the parties and their attorneys treated

Mr. Lowe's letter as the notice of the administratrix, and acted upon it by bringing the action. Appellant cannot now take advantage of any defect in the notice or failure to give it. (See *Drainage District No. 2 v. Extension Ditch Co.*, 32 Ida. 314 (319), 182 Pac. 847.)

It is also contended that the court erred: (1) In finding and concluding that the present action was not commenced within three months after appellant was notified of the rejection of its claim; (2) in finding that the right to recovery of judgment for any deficiency against the estate of Miller is barred by the provisions of C. S., sec. 7586; (3) that said C. S., sec. 7586 does not apply to this action; and (4) that the letter sent by Lowe to appellant's attorneys does not constitute a "notice of rejection," so as to start the operation of the statute of limitation.

C. S., sec. 7581, is as follows:

"All claims arising upon contracts, whether the same be due, not due or contingent, must be presented within the time limited in the notice (to creditors), and any claim not so presented is barred forever: *Provided,* That when it is made to appear by the affidavit of the claimant, to the satisfaction of the court or a judge thereof, that the claimant had no notice as provided in this chapter by reason of being out of the state, it may be presented at any time before a decree of distribution is entered."

Appellant's claim arises upon contract, and therefore was required to be presented to the administratrix under this section, in order to entitle it to subject the other property belonging to the estate to the payment of any deficiency remaining after foreclosure and sale of the mortgaged property. (*Weiser Loan & Trust Co. v. Comerford,* 41 Ida. 172, 238 Pac. 515; *Berry v. Scott,* 43 Ida. 789, 255 Pac. 305.)

C. S., sec. 7586, provides: .

"When a claim is rejected, either by the executor or administrator, or the probate judge, the holder must bring suit in the proper court against the executor or administrator, within three months after notice of its rejection, if

it be then due, or within two months after it becomes due, otherwise the claim is forever barred.''

If, as is held by this court in the cases cited, it was necessary for appellant to establish its ''claim'' before it is entitled to reimbursement from the general assets of the estate for any deficiency remaining after applying the proceeds of the foreclosure sale to the payment of the mortgage debt, it was likewise incumbent upon appellant to bring itself within the provisions of C. S., sec. 7586. This seems to be the practice in California, where an almost identical statute obtains. (*Westbay v. Gray*, 116 Cal. 660, 48 Pac. 800 (803).)

The present action was commenced eleven months after notice of the rejection of appellant's claim, and the right to judgment for any deficiency arising after the proceeds of the sale of the mortgaged property, was barred.

■ C. S., sec. 7584, reads in part as follows:

'' . . . . If the executor, administrator, or judge reject the claim, or disallow any part thereof, he shall within 10 days thereafter notify the claimant, his agent or attorney, by mail or personal notice of such rejection or disallowance. . . . . ''

The giving of the notice of rejection is a ministerial and not a judicial act, which could be delegated by the administratrix to her attorney. (24 C. J., p. 782, sec. 1942.)

The statute contemplates a notice of rejection served by the administratrix upon the claimant, or his agent or attorney. In the instant case, the claim was presented at the office of S. T. Lowe, ''attorney for said administratrix,'' as the notice to creditors directed, on December 1, 1924, by an attorney for appellant. Mr. Lowe told appellant's attorney to file the claim with him, and he would see that it was presented to the administratrix during the day. December 2, 1924, attorney for appellant received the letter above set forth, advising that appellant's claim was ''disallowed'' by the administratrix on that date.

■ The evidence shows that the claim was in fact ''disallowed'' on December 2, 1924, and that the adminis-

tratrix directed Mr. Lowe, her attorney, to so notify appellant's counsel. The notice of rejection sufficiently complied with the requirements of said C. S., sec. 7584. Appellant insists the facts bring this case within the rule announced in *Holt v. Mickelson*, 41 Ida. 694, 242 Pac. 977, and that the letter does not constitute notice because not signed by Mr. Lowe as "attorney for the administratrix." In that case, the facts were different. The attorney for claimant presented a claim to the attorney for the administrator through an attorney representing certain heirs. Counsel for the administrator later notified the attorney for said third party, and who did not represent the claimant, of the rejection of the claim. He failed to notify the claimant or his attorney (as was done in the instant case) of the rejection of the claim.

The court did not err in decreeing a foreclosure and sale of the mortgaged property, and in denying any recourse to the other property of the estate for any deficiency that might arise after foreclosure sale, since the right to such recourse was barred by the provisions of said C. S., sec. 7586.

It is recommended that the decree be affirmed, with costs to respondent.

 The foregoing is approved as the opinion of the court and the decree is affirmed. Since respondent's brief was not filed within the time provided by rule 43, costs should not be allowed therefor.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.

T. Bailey Lee, J., disqualified.