435 P.2d 358

Dennis McKENNEY, Plaintiff-Appellant,

v.

Mary McNEARNEY, Administratrix of the
Estate of Charles T. McNearney, De-
ceased, Defendant-Respondent.

No. 9861.

Supreme Court of Idaho.

Dec. 21, 1967.

McNaughton & Sanderson, Coeur d'Alene, for appellant.

Lyons & Hofmeister, Sandpoint, for respondent.

SMITH, Justice.

Appellant appealed from a district court order reversing an order of the Boundary County probate court requiring sale of certain real property belonging to the estate of Charles T. McNearney, deceased, in order "to secure the just rights or interests of the creditors of said estate" (I.C. § 15–712), including appellant, a creditor secured by a mortgage encumbering the realty. The trial court reversed the probate court order, after having found that appellant's claim had never been allowed or rejected by respondent administratrix nor reduced to judgment, and after having concluded that such probate court proceeding constituted an attempt to foreclose a mortgage in violation of I.C. § 6–101.[1]

Charles P. McNearney died August 4, 1956, leaving surviving his widow, Mary McNearney. The probate court of Boundary County appointed Mrs. McNearney and she qualified as administratrix of the estate. She gave prompt notice to creditors, the first publication being on January 10, 1957. She failed to file an inventory and appraisal although her petition for letters of administration reflected that the estate consisted of personalty, and an equity in certain real property.

At the time of decedent's death, Federal Deposit Insurance Corporation, as receiver of Bank of North Idaho, held two promissory notes of decedent, one dated April 12, 1955, unsecured, with an unpaid principal balance of $560.35, plus interest. The other note dated September 22, 1954, with an unpaid principal balance of $8,181.41, plus interest, was secured both by a chattel mortgage, and by a mortgage, encumbering real property belonging to the estate found by the probate court to be the W½ of the NE¼; the NE¼ of the NE¼, and the NW¼ of Section 34, Township 58, North of Range 1, East of the Boise Meridian, in Bonner County, Idaho.

February 23, 1957, Federal Deposit Insurance Corporation duly filed its creditor's claim for such indebtedness, and on the same day the probate judge approved the

1. I.C. § 6–101 contains the provision: "There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. * * *"

claim. Respondent administratrix never allowed or rejected the claim (I.C. § 15–607), nor acted upon it prior to commencement of this proceeding.

Shortly before October 30, 1962, appellant, by due assignment, became the holder and owner of the promissory notes and creditor's claim. October 30, 1962, appellant petitioned the probate court for an order requiring the administratrix to sell the real property "in order to secure the just rights or interests of the creditors of said decedent." November 9, 1962, respondent by motion sought dismissal of the petition, asserting as grounds therefor the statute of limitations, laches and lack of a valid claim.

After a hearing the probate court entered an order determining that appellant was the owner and holder of the two promissory notes, the larger being secured by mortgage encumbering real property belonging to decedent's estate, and ordered the administratrix to sell the property.

Respondent appealed to the district court from the probate court order upon "questions of both law and fact." The court, on review of the probate court record and without a trial de novo (I.C. § 17–206) reversed the probate court order, and held that appellant is not a creditor whose claim had been approved and that he cannot require sale of the assets of the estate. The district court further held that the proceeding constituted an attempted mortgage foreclosure action. There having been no trial de novo in the district court, and the arguments on appeal containing no factual disagreement, this court will consider the questions of law raised on appeal.

Appellant assigns error of the trial court in reversing the probate court order directing decedent's personal representative to sell the mortgaged real property for the benefit of creditors and others interested in said estate.

Appellant's additional assignments raise the pertinent issues: first, whether the failure of decedent's administratrix to reject appellant's claim constituted a constructive allowance of the claim; and second, whether the proceeding at bar constitutes an attempted mortgage foreclosure action.

The legal effect of the failure of the administratrix to respond to appellant's creditor's claim controls the issue whether the claim should be deemed allowed.

Respondent maintains that the argument, that a decedent's personal representative allows a disputed claim by nonaction, is contrary to the whole fabric of the law regarding fiduciaries for the reason that the personal representative is appointed by the court to act for others; and the rights of others should not be prejudiced by non-feasance on the part of the representative. While we do not disagree with this fundamental contention, nevertheless it is also clear that the personal representative of the estate should not be permitted to profit because of the representative's own failure to reject a claim duly filed. See In re Heimberger's Estate, Ohio Prob., 2 Ohio Supp. 155 (1936). An administrator is required to exercise that degree of care and diligence which careful and prudent persons ordinarily exercise under like circumstances in their own personal affairs. Grodsky v. Sipe, 30 F.Supp. 656 (D.C.Ill. 1940); Swanberg v. National Surety Co., 86 Mont. 340, 283 P. 761 (1930); Montgomery v. Gilbert, 111 Mont. 250, 108 P.2d 616 (1940). Here, respondent is an heir of decedent as well as administratrix of the estate. It is a general rule of equity that a party will not be permitted to benefit by or take advantage of his own fault or neglect. See Gaskill v. Neal, 77 Idaho 428, 293 P.2d 957, 61 A.L.R.2d 501 (1956); Mashon v. Haddock, 190 Cal.App.2d 151, 11 Cal.Rptr. 865 (1961); Austin v. Hallmark Oil Co., 21 Cal.2d 718, 134 P.2d 777 (1943).

I.C. § 15-607, as amended S.L. 1919, ch. 111, § 1, in part, reads:

"*Allowance or rejection of claims.*—When a claim, * * * is presented to the executor or administrator he must, within sixty days after its receipt, endorse thereon, his allowance or rejection, with the day and date thereof. If he allows the claim, he must within the same time present it to the probate judge for his approval, who must, in the same manner, endorse upon it his allowance or rejection. If the executor, administrator, or judge reject the claim, or disallow any part thereof, he shall within ten days thereafter notify the claimant, his agent or attorney, by mail or personal notice of such rejection or disallowance. * * *."

Prior to 1919 such section of the statute; then C.L. § 5466, in part provided:

"When a claim, * * *, is presented to the executor or administrator, he must endorse thereon his allowance or rejection, with the day and date thereof. If he allows the claim, it must be presented to the probate judge for his approval, who must, in the same manner, indorse upon it his allowance or rejection. *If the executor or administrator, or the judge, refuse or neglect to endorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect is equivalent to a rejection;* * * *." (Emphasis supplied.)

The omission of the emphasized portion from the 1919 amendment is indicative of the intention of the legislature to alter the law as it existed prior to 1919, regarding the effect of the neglect or refusal of a decedent's personal representative to act upon a claim filed against an estate, inasmuch as any material change in the language of the original act, as evidenced by the amendment, is presumed to have effected a change in the law. "When a statute is amended, it is presumed that the legislature intended it to have a meaning different from that accorded to it before the amendment." Wellard v. Marcum, 82 Idaho 232, 239, 351 P.2d 482, 486 (1960). "* * * whenever the Legislature declares that an existing statute is to be amended 'to read as follows,' etc., it thereby evinces an intention to make the new act a substitute for the old one and that so much only of the original act as is repeated in the new one is continued in force, and all portions omitted from the new act are repealed." Continental Oil Co. v. Montana Concrete Co., 63 Mont. 223, 229, 230, 207 P. 116, 118 (1922). See also Employment Security Agency v. Joint Class "A" Sch. Dist., 88 Idaho 384, 400 P.2d 377 (1965); State ex rel. Anderson v. Rayner, 60 Idaho 706, 96 P.2d 244 (1939); United Pacific Ins. Co. v. Bakes, 57 Idaho 537, 67 P.2d 1024 (1937); In re Segregation of School Dist. No. 58, etc., 34 Idaho 222, 200 P. 138 (1921); Sutherland, Statutory Construction, 3rd Ed., Vol. I, §§ 1930, 1932.

This court, in Wormward v. Brown, 50 Idaho 125, 130, 294 P. 331, 332 (1930), interpreted I.C. § 15-607 (after the 1919 amendment) to mean that the mere failure of a decedent's personal representative to act upon a filed claim within the prescribed time does not amount to a rejection of the claim. See also Flynn v. Driscoll, 38 Idaho 545, 223 P. 524, 34 A.L.R. 352 (1924); Cummings v. Langroise, D.C., 36 F.Supp. 174, 178 (1940).

Respondent argues in effect that the failure of decedent's administratrix to act on appellant's claim within the time specified by statute or within a reasonable time, should be balanced against laches of appellant who knew or should have known of the personal representative's non-action and did nothing for a considerable period of time.

It is noted that the third sentence of I.C. § 15-607 provides that the personal representative, if he or the judge rejects the

claim or disallows any part thereof, "shall within ten days thereafter notify the claimant, his agent or attorney, by mail or personal notice of such rejection or disallowance." This court strictly interpreted such provision in Holt v. Mickelson, 41 Idaho 694, 696, 242 P. 977 (1925), as follows:

"This statute of nonclaim is short and highly penal (Powell-Sanders Co. v. Carssow, 28 Idaho 201, 152 P. 1067), and should not be extended beyond the intent of the Legislature as expressed in the statute, as held by this court in considering a penal statute of limitation of a similar nature. Independent School Dist. No. 5 ex rel. Moore v. Collins, 15 Idaho 535, 98 P. 857, 128 Am.St.Rep. 76. Notice of the rejection of the claim must be given by the administrator to the claimant, or his agent or attorney, personally or by mail. The notice of rejection was not given by the administrator; hence the statute was not complied with. The mere fact that Evans knew informally that the claim had been rejected would not take the place of the statutory notice necessary to fix the rights of the interested parties. * * *"

■ The claim, not having been rejected, is not barred by I.C. § 15–609 [2] which provides that when a claim is rejected the holder must bring suit within three months after notice of the rejection, if the claim be then due, or within two months after it becomes due; otherwise the claim is forever barred.

Moreover, the proceeding at bar is not an action on a rejected claim or the debt represented thereby, under I.C. § 15–609. Appellant by his petition in the probate court, merely sought an order requiring the administratrix to recognize the rights of decedent's creditors by subjecting the property of the estate to sale in order "to secure the just rights or interests of the creditors of said decedent."

Respondent, citing I.C. § 15–735,[3] contends that by implication the statute of limitations must have run on appellant's claim in that the claim, not having been allowed, "[was] affected by the statute of limitations."

■ But, as hereinbefore pointed out, although respondent did not allow the claim after presentation, neither did she reject it. Respondent cannot, through her inaction as administratrix, now cast on appellant the full burden of acting on the claim. Had respondent sought to reject the claim, I.C. § 15–607 placed on her the burden of notifying appellant thereof in order that the rejection become effective. See Holt v. Mickelson, supra. Inasmuch as I.C. §§ 15–607 and 15–735 construed in pari materia require affirmative action on the part of a decedent's representative in case of rejection of a claim, we hold that I.C. § 15–735 has not barred the claim.

■ Viewing the benefit which would accrue both to respondent and the estate were we to hold that appellant's claim is now barred, we are constrained to the view that respondent, by failing to take any affirmative action relating to the claim as required by I.C. § 15–607, is equitably estopped from asserting that the claim is barred. See Seeley v. Security Nat. Bank, 40 Idaho 574, 235 P. 976 (1925); Thompson v. Consolidated Gas Co., 300 U.S. 55, 57 S.Ct. 364, 81 L.Ed. 510 (1937); Karns v. Olney, 80 Cal. 90, 22 P. 57 (1889); 28 Am. Jur.2d, Estoppel and Waiver, sec. 59, p.

---

2. I.C. § 15–609 reads:
"When a claim is rejected, either by the executor or administrator, or the probate judge, the holder must bring suit in the proper court against the executor or administrator, within three months after notice of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred."

3. I.C. § 15–735 in part provides:
"No claim against any estate which has been presented and allowed is affected by the statute of limitations, pending the proceeding for the settlement of the estate."

**6**

677 (1966) (acceptance of benefits). See also Unity Bkg. & S. Co. v. Bettman, 217 U.S. 127, 30 S.Ct. 488, 54 L.Ed. 695 (1909); Eltinge v. Santos, 171 Cal. 278, 152 P. 915 (1915) (silence or inaction). See also National Grocery Co. v. Kotzebue Fur & Trading Co., 3 Wash.2d 288, 100 P.2d 408 (1940); Caldwell v. Kimbrough, 91 Miss. 877, 45 So. 7 (1907); Basen v. Clinton Trust Co., 115 N.J.L. 546, 181 A. 67 (1935); Thomasson v. Walker, 168 Va. 247, 190 S.E. 309, 110 A.L.R. 593 (1937) (estate may be bound, on grounds of estoppel in pais, by conduct of the executor or administrator while acting in his official capacity in dealing with third person).

We therefore, resolve the first issue in appellant's favor. His claim is outstanding and enforceable against the estate.

The second issue, whether the proceeding at bar constitutes an attempted mortgage foreclosure action violative of I.C. § 6–101, also must be resolved in favor of appellant.

The right to foreclose a mortgage encumbering estate lands is safeguarded by I. C. § 15–611[4] without presentation of a claim to the personal representative, where all recourse against other property of the estate is expressly waived in the complaint.

 Normally, in the absence of statutory restrictions a court of probate may authorize or direct the sale of a decedent's property to pay a secured debt or lien. Callebs v. Ruble, 172 Ky. 113, 188 S.W. 1096 (1916); Commercial Nat. Bank of Charlotte v. Misenheimer, 211 N.C. 519, 191 S.E. 14, 110 A.L.R. 1310 (1937); 34 C.J.S. Executors and Administrators § 538, pp. 474–

475; Bancroft's Probate Practice, 2nd Ed., Vol. 3, § 793, p. 561 (1950).

 Idaho's legislature, however, has specifically legislated in this area. I.C. § 15–735 is included in Idaho Code, Title 15, which in part relates to the administration of estates of decedents, and is included in Chapter 7 of that title relating to sales and conveyances of property of decedents. That section of the statute relates to the sale of lands subject to a mortgage which is a valid claim against the estate, and has been presented and allowed; in part it reads:

"When any sale is made by an executor or administrator pursuant to the provisions of this chapter, of lands subject to any mortgage or other lien, which is a valid claim against the estate of the decedent, and has been presented and allowed, the purchase-money must be applied, after paying the necessary expenses of the sale, first to the payment and satisfaction of the mortgage or lien, and the residue, if any, in due course of administration. The application of the purchase-money to the satisfaction of the mortgage or lien must be made without delay, and the land is subject to such mortgage or lien until the purchase-money has been actually so applied. * * *"

See also I.C. § 15–736[5] which permits the holder of the mortgage, at a probate sale of encumbered lands, to become the purchaser thereof, his receipt for the amount due him from the proceeds of the sale constituting payment pro tanto.

 Such probate sale proceedings in a decedent's estate do not, however, consti-

---

4. I.C. § 15–611 reads:

"No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator, except in the following case: An action may be brought by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, whether homestead, community or separate property of the deceased, where all recourse against any other property of the estate is expressly waived in the complaint."

5. I.C. § 15–736 reads:

"At any sale of lands upon which there is a mortgage or lien, the holder thereof may become the purchaser, and his receipt for the amount due him from the proceeds of the sale is a payment pro tanto. If the amount for which he purchased the property is insufficient to defray the expenses and discharge the mortgage or lien, he must pay to the court or the clerk thereof an amount sufficient to pay such expenses."

tute foreclosure proceedings. See Kendrick State Bank v. Barnum, 31 Idaho 562, 173 P. 1144, 2 A.L.R. 1129 (1918); Meyers v. Farquherson, 46 Cal. 190 (1873); In re Pease's Estate, 149 Cal. 167, 85 P. 149 (1906); In re Pitts Estate, 218 Cal. 184, 190, 22 P.2d 694, 697 (1933); Visalia Sav. Bank v. Curtis, 135 Cal. 350, 67 P. 329 (1902); Bancroft's Probate Practice, Vol. 3, § 624, p. 213 (1950).

The order of the district court is reversed and the cause remanded with instructions to reinstate the order of the probate court. Costs to appellant.

TAYLOR, C. J., McQUADE and SPEAR, JJ., and NORRIS, D. J., concur.