79 409
90 397

[No. 12430.  In Bank. — June 1, 1889.]

## L. W. DREYFUSS ET AL., RESPONDENTS, *v.* SARAH GILES ET AL., APPELLANTS.

MORTGAGE— ESTATES OF DECEASED PERSONS — PRESENTATION OF MORT-
GAGE CLAIM — DISTRIBUTION — RES ADJUDICATA.— It is not necessary for a mortgagee to present the mortgage as a claim against the estate, when all claim is waived against any property of the estate except that described in the mortgage; and the settlement and distribution of the estate is no bar to the right to foreclose the mortgage against the distributee of the mortgaged land, or the grantee of such distributee.

APPEAL—DAMAGES. — When an appeal is evidently taken for delay, damages will be imposed by this court.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. I. Caldwell*, and *Cross & Simonds*, for Appellants.

The decree of distribution was a bar to all claims of every nature against the estate distributed. (Code

Civ. Proc., secs. 1493, 1494, 1497, 1686, 1908 ; *Tobelman* v. *Hildebrandt,* 72 Cal. 313; *Brummagin* v. *Ambrose,* 48 Cal. 366; *Wheeler* v. *Bolton,* 54 Cal. 302.)

*Gaylord & Searls,* for Respondents.

All claims against other property of the estate being waived, there was no need of presenting the mortgage claim for allowance. (Code Civ. Proc., sec. 1500; *Security Savings Bank* v. *Connell,* 65 Cal. 574; *Hibernia Savings and Loan Society* v. *Hayes,* 56 Cal. 297, 303; *Camp* v. *Girder,* 62 Cal. 20; Waples on Proceedings in Rem, 758; *Kershaw* v. *Thompson,* 4 Johns. 616; *Nagle* v. *Macy,* 9 Cal. 429.)

WORKS, J. — This is an action to foreclose a mortgage. The complaint alleges the death of the mortgagor, the settlement of the estate, the distribution of the mortgaged property to his daughter, an only heir, and the sale of the mortgaged property by her to the defendants in this action. It is also averred in the complaint that the mortgage was not due at the time the estate was closed, and final distribution made, and was not presented as a claim against the estate. The complaint expressly waives all claims against any other property of the estate except the lands described in the mortgage. In their answer, the defendants plead the settlement and final distribution of the estate as a bar to the plaintiff's right to recover, and this is the only question made on this appeal.

· It was not necessary for the plaintiffs to present their mortgage as a claim against the estate, and their failure to do so, and the settlement and distribution of the estate, was no bar to their right to foreclose the mortgage. (Code Civ. Proc., sec. 1500; *Security Savings Bank* v. *Connell,* 65 Cal. 574.)

It is evident the appeal in this case was taken for delay.

Order and judgment appealed from affirmed, with ten per cent damages.

BEATTY, C. J., SHARPSTEIN, J., McFARLAND, J., and THORNTON, J., concurred.

Rehearing denied.