[No. 13573.    Department Two. — November 6, 1890.]

BANK OF SONOMA COUNTY, RESPONDENT, *v.* VERNETTA CHARLES, ADMINISTRATRIX, ETC., ET AL., APPELLANTS.

ESTATES OF DECEDENTS — MORTGAGE — PRESENTATION OF CLAIM. — In order to present a mortgage as a claim against the estate of a deceased mortgagor, it is necessary either to accompany the claim by a copy of the mortgage, or to describe it by reference to the date, volume, and page of its record. It is not sufficient to present the copy of the note which states that it is secured by mortgage of even date therewith.

ID. — FORECLOSURE OF MORTGAGE NOT PRESENTED — PLEADING — WAIVER OF DEFICIENCY — SUPPORT OF JUDGMENT. — In foreclosing a mortgage not presented to the administrator of a deceased mortgagor, in order that the plaintiff may avail himself of the provisions of section 1500 of the Code of Civil Procedure, there must be an express waiver in 'the complaint of all recourse against the estate for deficiency; and a judgment foreclosing the mortgage without a judgment for deficiency, and without an allowance of counsel fees, cannot be supported, where the complaint mistakenly alleges a presentation of the mortgage to the administrator, and does not contain an express waiver of claim for deficiency against other property of the estate.

ID. — APPEAL — REVERSAL OF JUDGMENT — AMENDMENT OF COMPLAINT. — In such a case, the judgment of foreclosure will be reversed for want of a proper pleading to support it; but the plaintiff will be allowed leave to amend his complaint so as to allege an express waiver of recourse against all other property of the estate than the mortgaged premises, and of all claim for allowance of counsel fees.

ID. — PRESENTING NOTE WITHOUT MORTGAGE — WAIVER OF MORTGAGE. — The presentation of a note secured by mortgage as a claim against the estate of the deceased mortgagor, without a presentation of the mortgage, does not have the effect to waive the mortgage, when there was no intention to waive or abandon it, but it was evidently supposed that the presentation of the note was a presentation of the mortgage also.

FORECLOSURE OF MORTGAGE — AGREEMENT FOR SALE IN PARCELS — VALIDITY OF CONTRACT — DECREE. — When a mortgage contains an express stipulation for the sale of the premises in one large parcel, and in several other smaller parcels, the decree of foreclosure may direct the sale to be made accordingly.

APPEAL from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinion of the court.

*Horace L. Smith,* and *Thomas Rutledge,* for Appellants.

The presentation of the note to the administrator, and its allowance to be paid out of the assets of the estate, was a waiver of the mortgage. The mortgagee can have but one remedy. (Code Civ. Proc., sec. 726; *Bartlett* v. *Cottle,* 63 Cal. 366; *Ould* v. *Stoddard,* 54 Cal. 613.) In this case, plaintiff seeks to recover the amount of the note out of the general assets of the estate, and in another forum seeks to foreclose the mortgage. The claim on the note alone having been allowed and filed, payment cannot be refused. (*Estate of McKinley,* 49 Cal. 152.) The judgment cannot be sustained, as there is no express waiver in the complaint of recourse against the property of the estate, and the judgment allows counsel fees. (Code Civ. Proc., sec. 1500.) It was error to direct the sale of the great body of the land in one large parcel to the prejudice of the defendants, thus barring the right of the mortgagor to direct the sale. (*Hopkins* v. *Wiard,* 72 Cal. 259; *Woods* v. *Morrell,* 1 Johns. Ch. 501; *Jackson* v. *Newton,* 18 Johns. 355; *San Francisco* v. *Pixley,* 21 Cal. 56; *Browne* v. *Ferrea,* 51 Cal. 552.)

*J. M. Gillett,* and *J. F. Coogan,* for Respondent.

The mortgage was not required to be presented. (Code Civ. Proc., sec. 1497.) The note described the fact and

date of the mortgage, and further description of volume and page of record should not be held to be mandatory, in violation of justice. (Bishop on Written Laws, p. 225.) Section 1497 should be construed with section 1494, giving the administrator discretion to require further proofs. It is a well-settled rule of this court "that statutes upon the same subject-matter shall be construed together." (*People* v. *Wells*, 11 Cal. 329; *San Diego* v. *Granniss*, 77 Cal. 511.) The presumption of law is, that the official duty of the administrators was regularly performed, and that they read the claim before acting upon it. (Code Civ. Proc., sec. 1963, subd. 15.) And the further presumption of the law is, that, with the knowledge that the claim was secured by a mortgage lien, and liable to be foreclosed, they acquiesced in it from a belief that the claim was conformable to the right or fact. (Code Civ. Proc., sec. 1963, subd. 27.) But, again, the claim as presented, though defective in form, contained the substance of what the law required. It stated that the note was secured by mortgage, and gave the date thereof. The law respects form less than substance. (Civ. Code, secs. 3528, 3533.) If the administrators doubted whether the claim was secured by mortgage, they should have allowed it as an unsecured claim, so that the claimant could contest the allowance, under section 1503 of the Code of Civil Procedure. The word "shall" may be construed as simply permissive. (Endlich on Interpretation of Statutes, sec. 316; *Railroad* v. *Hecht*, 95 U. S. 168; *Wheeler* v. *Chicago*, 24 Ill. 105; 76 Am. Dec. 736.) The words "it shall be lawful" are imperative, where, and only where, public duty requires the thing to be done. (Potter's Dwarris on Statutes, 229.) The section should be construed as directory, no penalty being attached to a failure to comply strictly with its terms. (*Bosquett* v. *Crane*, 51 Cal. 505.) It was within the power of the administrators to have exacted additional proof, and it was their duty to have done so. Having failed to take

advantage of the provisions of section 1494 of the Code of Civil Procedure, they should, under any circumstances, be held to have waived their rights under section 1497, if they had any. If we are right as to the waiver by the administrators, the judgment is correct. (*Moran* v. *Gardemeyer*, 82 Cal. 96.) If we are wrong, the counsel fees could be stricken out and appellant be left in the same position as if the waiver clause of section 1500 had been literally followed. The decree of sale in parcels corresponds to the mortgage, and is not erroneous. (*Hopkins* v. *Wiard*, 72 Cal. 259; *Wood* v. *Whelen*, 93 Ill. 156; *Nichols* v. *Maxwell*, 42 Mich. 310.)

McFarland, J.—This is an appeal by the defendant Vernetta Charles, administratrix of G. W. Charles, deceased, from a judgment in favor of plaintiff foreclosing a certain mortgage. In his lifetime, the said G. W. Charles and J. M. Charles made their promissory note to plaintiff for $42,250, and interest, and, to secure the same, executed a mortgage to plaintiff, which covered a large quantity of land, and was duly recorded. After the death of said G. W. Charles, the plaintiff presented the following creditor's claim to the administrator and administratrix, viz.: "The undersigned, a creditor of George W. Charles, deceased, presents its claim against the estate of said deceased, with the necessary vouchers, for approval, as follows, viz.: Estate of George W. Charles, deceased, to Bank of Sonoma County, Dr., 1889, February 16. To principal of promissory note, dated December 11, 1886 (copy here attached), $38,069.58. Interest thereon from December 11, 1886, $5,979.07. This note is secured by mortgage of even date herewith." Then follows a copy of the note and a proper verification of the claim. No other presentation of the claim or of the mortgage was ever made or attempted to be made. The claim as presented was allowed by the administrator and administratrix and by the probate judge. The

complaint is in the form commonly used in an action to foreclose a mortgage. It does not waive recourse against the property of the estate, other than the mortgaged premises, but prays for a deficiency judgment against the estate, and counsel fees. The complaint shows upon its face that the only presentation of the claim was as above stated, and makes the presentation a part of the complaint as an exhibit. The defendant demurred to the complaint, upon the general ground, and also upon the ground that it was ambiguous, uncertain, etc., because it cannot be ascertained therefrom whether the mortgage was ever presented. The demurrer was overruled, and defendant answered, averring, among other things, that the mortgage was never presented, and that the only presentation of the claim was the one set forth in the complaint, and the court so found. The court rendered judgment foreclosing the mortgage and allowing an attorney's fee of five hundred dollars, but not awarding any deficiency judgment against said estate.

It is quite clear that there was no presentation of the mortgage. The general provision of the code as to the presentation of a claim founded upon a written instrument is, that "a copy of such instrument must accompany the claim, and the original instrument must be exhibited, if demanded, unless it be lost or destroyed"; in which event there must be an affidavit containing a copy " or particular description of such instrument." (Code Civ. Proc., sec. 1497.) Of course, in the case at bar, there was no attempted compliance with this general provision. There is, however, in the same section, a provision which relieves the holder of a mortgage from presenting either the original or a copy of the mortgage. It is as follows: "If the claim, or any part thereof, be secured by a mortgage or other lien which has been recorded in the office of the recorder of the county in which the land affected by it lies, it shall be sufficient to describe the mortgage or lien, and refer to the date,

volume, and page of its record." But this plaintiff did not do. It neither complied with the general provision, nor with the special one which was intended for the convenience of persons in its situation. The mortgage was therefore not presented at all.

But the complaint is drawn upon the theory that the mortgage had been presented, and the judgment rendered upon that complaint cannot be maintained, and the demurrer should have been sustained. Respondent contends that, as the court did not in fact order any deficiency judgment, the decree might be modified by striking out the attorney's fee, and then be allowed to stand as though plaintiff had proceeded under section 1500 of the Code of Civil Procedure. That section provides that the holder of a mortgage may, without presentation thereof to the administrator, maintain an action to enforce the mortgage against the particular property subject thereto, "when all recourse against any other property of the estate is expressly waived in the complaint; but no counsel fees shall be recovered in such action unless such claim be so presented." But to take advantage of that section there must be an express waiver in the complaint, and the complaint here contains no such waiver, and such a plain statutory provision cannot be disregarded or explained away.

Appellant contends that plaintiff, by presenting the note and having it allowed, waived his mortgage, and all rights under it; but we do not think that the consequences of plaintiff's carelessness are so ruinous as to utterly preclude it from the benefit of the mortgage lien. Its property therein should not be held to be lost, unless such holding be an inevitable legal conclusion. Plaintiff certainly did not intend to waive or abandon its mortgage. It evidently supposed that the presentation of the note was a presentation of the mortgage also, and it has proceeded on that theory ever since, and it would be unjust and inequitable not to allow plaintiff to correct the error

into which it fell while it is not too late to do so, and when no injury will be done to other parties; and we see no legal obstruction in the way. The fact that the note was presented and allowed, as above stated, presents no great difficulty. Plaintiff should amend its complaint so as to clearly waive all claim upon the mortgage and note against any of the property of the estate other than the mortgaged premises; and we see nothing in the point made by respondent, that the appellant, by approving the note, waived presentation of the mortgage, even supposing that an administratrix could bind the estate by such a waiver. We think, therefore, that the judgment should be reversed, with leave to plaintiff to amend its complaint so as to expressly waive all recovery against any of the property of the deceased other than the mortgaged premises; and that, under the complaint so amended, a judgment foreclosing the mortgage, all the necessary facts being proven, can be maintained. But, of course, no counsel fees could be allowed.

The decree provided that the lands embraced in the mortgage should be sold in one large parcel, and in several other smaller parcels; and appellant contends that the provision for the sale of the one large parcel was erroneous. But there is an express provision in the mortgage that in case a foreclosure should be necessary the land should be sold in a certain manner, and the court in its decree followed that provision. In this we think there was no error. The parties had as full power to contract about the subdivisions or parcels by which the property should be sold as about any other matter, and it was proper for the court to enforce that part of the contract. It was not against the right of redemption. Section 694 of the Code of Civil Procedure relates to sales under executions in cases where there have been no contracts between parties as to the manner of the sale. In *Hopkins* v. *Wiard*, 72 Cal. 259, it was held, generally, that in a foreclosure suit the court has jurisdiction to

provide in the decree in what parcel or parcels the mortgaged premises shall be sold; and we have been referred to no case in which it has been held erroneous for the court to order the premises sold in parcels, as provided by the parties in the mortgage itself. The only case cited which approaches the point under discussion is *Mickle* v. *Maxfield*, 42 Mich. 304, and in that case, while compliance with the contract was demanded by the mortgagor, a contract in a mortgage similar to the one in the case at bar was held valid; and it was further held that subsequent encumbrancers or purchasers took "subject to this provision as part of the contract," and that the right sought to be enforced "did not depend on implied equities, but upon express agreement, and it could not, under such circumstances, be important to know what considerations brought it about."

The judgment is reversed, and the superior court is directed to sustain the demurrer to the complaint, with leave to plaintiff to amend its complaint, as intimated in this opinion.

THORNTON, J., and SHARPSTEIN, J., concurred.