ANGLO-NEVADA ASSURANCE CORPORATION, RESPONDENT, *v.* LAURA M. NADEAU, EXECUTRIX, ETC., ET AL., APPELLANTS.

ESTATES OF DECEASED PERSONS — FORECLOSURE OF MORTGAGE — WAIVER OF RECOURSE FOR DEFICIENCY — PRESENTATION OF CLAIM. — Under section 1500 of the Code of Civil Procedure, an action may be maintained to foreclose a mortgage against the estate of a deceased person, if the complaint expressly waives all recourse against all property of the estate, other than that mortgaged, although at the time the action was commenced the time for the presentation of claims had expired, and no claim founded on the mortgage indebtedness had ever been presented.

ID. — WAIVER OF CLAIM — NON-EXISTING RIGHT. — It is not essential to a waiver that the claim of right waived should be enforceable, but there may be a waiver or relinquishment of a claim to something without right.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*S. M. White,* and *Chapman & Hendrick,* for Appellants.

As the mortgage was not presented as a claim against the estate within the ten months provided for by the statute, the claim is barred. (Code Civ. Proc., secs. 1493, 1500.) Not having the right to recourse against any property of the estate at the time suit was brought, he could not waive such right. A waiver is the intentional relinquishment of a known right, and there must be both knowledge of the right and the intention of relinquishing it. (6 Wait's Actions and Defenses, p. 714, sec. 27. See Bouvier's Law Dict., tit. Waiver; also Webster's Dict.)

*Graves, O'Melveny & Shankland,* and *Jarboe, Harrison & Goodfellow,* for Respondent.

No presentation was necessary in law, because the complaint conforms to the statute relating to foreclosure

without presentation; and the respondent had the right to avail itself of foreclosure at any time after the debt became due, and before a bar by the general statute of limitations. (*Security Savings Bank* v. *Connell*, 65 Cal. 574; *Hibernia S. & L. Soc.* v. *Hayes*, 56 Cal. 298; *Dreyfuss* v. *Giles*, 79 Cal. 409; *Bank of Sonoma* v. *Charles*, 86 Cal. 322; *Estate of Kibbe*, 57 Cal. 407; *Mechanics' B. & L. Ass'n* v. *King*, 83 Cal. 440.) Under a statute less explicit than ours, the supreme court of Washington Territory has held that a mortgage claim need not be presented. (*Scammon* v. *Ward*, 23 Pac. Rep. 439; *Reed* v. *Miller*, 25 Pac. Rep. 334.)

VANCLIEF, C. — Action to foreclose a mortgage executed by decedent on the tenth day of November, 1886, to secure payment of a promissory note for the sum of one hundred and fifty thousand dollars and interest, dated November 6, 1886, payable " on or before September 6, 1889." Nadeau died January 15, 1887. His will was admitted to probate and his executors appointed April 18, 1887. Pursuant to an order of the probate court, notice to creditors was published on April 25, 1887, and the ten months within which creditors were required to present their claims expired February 25, 1888, about eighteen months before the maturity of the note. This action was commenced March 29, 1890, nearly six months after the maturity of the note. Neither the note nor the mortgage was ever presented to the executors for allowance; but in the complaint, all recourse against any other property of the estate than the mortgaged property is expressly waived. Judgment of foreclosure was rendered in the usual form, except, that there was no judgment for a deficiency, nor for counsel fees.

This appeal is from the judgment upon the judgment roll, including a bill of exceptions, showing that it was stipulated at the trial that the facts stated in the answer

of the defendants (the substance of which is included in the above statement) are true. There was also a demurrer to the complaint on the ground that it does not state a cause of action, and on the further ground that "it appears from said complaint that the plaintiff's alleged cause of action is barred by the provisions of section 1493 of the Code of Civil Procedure."

Counsel for appellants contend that plaintiff's entire claim arising upon the note and mortgage was barred by sections 1493 and 1500 of the Code of Civil Procedure, because it was not presented to the executors for allowance within ten months from the publication of notice to creditors; and that it does not come within the exception contained in section 1500 (viz., "An action may be brought by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against any other property of the estate is expressly waived in the complaint"), because when the action was commenced plaintiff had no right to enforce the mortgage against *any* property of the estate, and therefore could not have " expressly waived in the complaint" a right that it did not then have. No authority is cited for this, except a legal definition of the verb "to waive"; from which counsel deduce the proposition that nothing else than an existing right can be waived. But this deduction is not warranted by the decisions from which the definition relied upon was extracted, nor by authority of lexicographers. The verb "to waive," as well as the noun "waiver," is properly used in different senses. Webster defines the verb thus: —

" 1. To relinquish; to give up claim to.

" 2. To throw away; to cast off; to reject; to desert.

" 3. (*Law.*) (*a.*) To throw away; to relinquish voluntarily, as a right which one may enforce, if he chooses. (*b.*) (*Old Eng. Law.*) To forsake; to desert; to abandon."

The same author defines the noun, " waiver," as follows: —

" (*Law.*)   The act of waiving, or not insisting on some right, claim, or privilege."

In the third definition above, an example of a voluntary relinquishment is given, viz., "as a right which one may enforce, if he choo es"; but this does not imply that one may not relinquish, "give up claim to," or " abandon " a thing to which he has no right "; and an example might have been given of such relinquishment of a " claim to " something without right, for both the verb and the noun are often properly used in this sense; and the legislature may have so used the verb, if that meaning was intended.

Besides, it is not clear that the plaintiff had no right to " recourse against " other than the mortgaged property at the time it filed its complaint.   Plaintiff may have had the right, though the remedy for its enforcement depended upon the contingency of whether or not the defendants would plead the statute of limitations. If there had been no waiver in the complaint and no plea of the statute of limitations, plaintiff might lawfully have taken judgment for a deficiency, and might have enforced such judgment against other than the mortgaged property.   However this may be, the object of the exception in section 1500 of the Code of Civil Procedure is to require a plaintiff to put his waiver upon record in his complaint, so that there may be no question that he has waived recourse, etc.; and it is immaterial whether or not he had made the waiver before his complaint was drawn by failure to present the claim to the executors within the ten months, or otherwise.

The construction contended for by counsel for appellants would deprive the exception of any effect in all that large class of cases in which the mortgage debt does not become due until after the expiration of the ten months' notice to creditors; yet there is no conceivable reason why the legislature should have intended to exclude this class of cases from the exception.

Finally, the question as to the construction of the exception has been decided by this court adversely to the contention of appellants' counsel in a number of cases. (*Hibernia Sav. & L. Soc.* v. *Hayes*, 56 Cal. 303; *Security Savings Bank* v. *Connell*, 65 Cal. 574; *Dreyfuss* v. *Giles*, 79 Cal. 409; *Bank of Sonoma County* v. *Charles*, 86 Cal. 323.)

I think the judgment should be affirmed.

FITZGERALD, C., and BELCHER, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.

Owing to the disqualification of HARRISON, J., McFAR-LAND, J., acted with the remaining justices of Department One in rendering the foregoing opinion.

Hearing in Bank denied.