# MARTIN v. SAXTON.

No. 2871.   Decided October 5, 1916.   (160 Pac. 441.)

EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST—PRESENTATION. Where an executor by order and authority of court mortgaged lands of decedent long after the time for presentation of cred-itors' claims, the mortgagee need not to obtain on foreclosure judgment for any deficiency and attorney's fees, show that he had presented his claim in accordance with Comp. Laws 1907, Section 3858, and that all recourse against property of the estate other than that covered by the mortgage was waived, for the statute does not apply to transactions or claims against an executor, but only to claims arising out of contracts or trans-actions with deceased.

Appeal from District Court, Third District; *Hon. F. C. Loofbourow*, Judge.

Action by John Martin against George Saxton, executor of the last will and testament of George Shearn, deceased.

Judgment for plaintiff.   Defendant appeals.

AFFIRMED.

*C. S. Patterson,* for appellant.

*Cheney, Jensen & Holman,* for respondent.

STRAUP, C. J.

This is an action brought by the plaintiff against the executor of the estate of George Shearn, deceased, to foreclose a mortgage, and for a deficiency judgment. The mortgage was not executed by the deceased, but by the executor on behalf of the estate and by order and authority of the court in the course of administration of the estate and long after the time for presentation of creditors' claims. Judgment was rendered for the plaintiff, the mortgaged premises ordered sold, the plaintiff allowed an attorney's fee, and provision made for a deficiency judgment.

The only point made is that the action was not maintainable because it was not alleged nor found that the claim sued on was presented to the executor as provided by Comp. Laws 1907, Section 3858; and because it was not alleged in the complaint that all recourse against property of the estate other than that covered by the mortgage was waived; and especially that the plaintiff, without presentation of the claim, was not entitled to an attorney's fee nor to a deficiency judgment.

We think the demands and claims referred to in the statute requiring presentation are those arising out of contracts or transactions with the decedent, and not to claims or transactions had with the executor or administrator. 8 A. & E. Enc. L. (2d Ed.) 1064; 18 Cyc. 454; *Garver* v. *Thoman,* 15 Ariz. 38, 135 Pac. 724; *Miller & Lux* v. *Katz,* 10 Cal. App. 576, 102 Pac. 946. The cases cited by appellant (*Bank* v. *Charles,* 86 Cal. 322, 24 Pac. 1019; *Bank* v. *Connell,* 65 Cal. 574, 4 Pac. 580; *Scammon* v. *Ward,* 1 Wash. 179, 23 Pac. 439; *Dreyfuss* v. *Giles,* 79 Cal. 409, 21 Pac. 840; *Anglo-Nev. Assur. Corp.* v. *Nadeau,* 90 Cal. 393, 27 Pac. 302; *Loan Co.* v. *Fisher,* 92 Cal. 502, 28 Pac. 591; *Teel* v. *Winston,* 22 Or. 489, 29 Pac. 142; *In re Turner's Estate,* 128 Cal. 388, 60 Pac. 967) do not make against this. They are cases relating to claims and demands

growing out of contracts or transactions had with the deceased.

The judgment of the court below is affirmed, with costs.

FRICK and McCARTY, JJ., concur.