(July 3, 1918.)

## KENDRICK STATE BANK, a Corporation, Respondent, v. GEORGE P. BARNUM and FARMERS BANK AND TRUST COMPANY, a Corporation, Appellants.

[173 Pac. 1144.]

MORTGAGE LIEN — PRESENTATION OF CLAIM FOR MORTGAGE INDEBTEDNESS AS UNSECURED CLAIM—ERRONEOUS DISTRIBUTION OF ASSETS BY ADMINISTRATOR—ERROR IN COMPUTATION.

1. The fact that a mortgagee files his claim against a decedent's estate in probate as an unsecured claim does not, *ipso facto*, operate as a waiver of his mortgage lien.

2. Where a mortgagee presents his claim as an unsecured claim, and the administrator inadvertently includes such mortgagee in a *pro rata* distribution of assets among creditors, and the trial court directs that the amount so paid to the mortgagee be refunded to the administrator, which was done, the mortgagee cannot be deemed to have participated in the general assets of the estate, and his measure of relief in action for foreclosure is limited to the security, all right to a deficiency judgment having been waived.

[As to statement of claims against a decedent's estate, see note in 130 Am. St. 311.]

APPEAL from the District Court of the Second Judicial District, for Latah County.    Hon. Edgar C. Steele, Judge.

Action to foreclose a mortgage.    Judgment for plaintiff *affirmed.*

Frank L. Moore and A. H. Oversmith, for Appellants.

After a sale of mortgaged property through the probate court, the security is exhausted and it cannot be pursued any further.    (*First National Bank v. Glenn,* 10 Ida. 224, 109 Am. St. 204, 77 Pac. 623.)

Where the mortgagee allows the property to be sold by the administrator and has presented a secured claim as an unsecured claim, then the security is waived.    (*In re Turner's Estate,* 128 Cal. 388, 60 Pac. 967.)

Eugene A. Cox and T. B. West, for Respondent.

The record shows that plaintiff intended to file its claim as a secured claim; that all of the parties in any way affected knew that plaintiff's claim was a secured claim. The question involved in the case at bar is not whether the mortgagee by failing to file his claim as a secured claim loses the right to have his claim treated in probate proceedings as a secured claim, but whether by failing to file it as a secured claim he loses the right to have it treated as a secured claim in all other courts. (*Bank of Sonoma County v. Charles*, 86 Cal. 322, 24 Pac. 1019; *Mathew v. Mathew*, 138 Cal. 334, 71 Pac. 344.)

BUDGE, C. J.—On March 1st and 5th, 1910, Joseph M. Wild made, executed and delivered to the Kendrick State Bank, respondent herein, his two promissory notes aggregating $1,000, secured by a real estate mortgage on lots 2 and 3 of block 4 of the original town site of Kendrick, Latah county, which mortgage was duly filed of record. On May 18, 1911, Wild made, executed and delivered to George P. Barnum, an appellant herein, his promissory note in the sum of $1,534.40, secured by a mortgage on the same property, which was also duly filed of record.

On the 5th of August, 1911, Wild died testate, and thereafter Ruth W. Broman, county treasurer and *ex-officio* public administrator, was duly appointed as administratrix with the will annexed of Wild's estate.

On the 10th day of September, 1912, the Kendrick State Bank filed with the administratrix its claims against the estate, which were duly allowed. However, it failed in presenting and filing its claims, to refer to the fact that its notes were secured by the mortgage.

On the 27th day of May, 1912, the Farmers' Bank & Trust Company, which then held the Barnum note and mortgage as collateral, filed its claim as a secured claim.

In 1914 a foreclosure proceeding was commenced by both mortgagees. At that time, as appears from the record, it was

conceded that both mortgages were valid liens and that' the mortgage of the Kendrick State Bank was a prior lien. After the action was commenced, $700 rent was collected by the administratrix. Thereafter a conference was held between the representatives of the holders of the two mortgages herein referred to, at which meeting it. was agreed that the $700 be distributed, *pro rata,* to the creditors, both secured and unsecured; that the foreclosure suit be dismissed and that a sale be had of the property covered by the mortgages in the probate court in order that costs and expenses might be avoided and the creditors of the estate be paid their respective claims in full. The $700 was distributed and the suit was dismissed. On the 2d day of September, 1914, in keeping with the understanding, the administratrix petitioned the probate court for an order of sale. On the 7th day of November, 1914, the sale was held: Barnum, prior to the dismissal of the foreclosure proceedings, had again become the owner of his note and mortgage and, with the representative of the Farmers' Bank & Trust Company, agreed with the representative of the Kendrick State Bank that if the $700 were distributed and the foreclosure proceeding dismissed they would pay off the Kendrick State Bank's mortgage, and in the event there were no better or higher bids, bid in the property for an amount sufficient to pay off the Barnum mortgage. At the administratrix's sale Barnum bid in the property. The sale was subsequently confirmed by the district court on an appeal from the probate court. Thereafter Barnum tendered to the administratrix a receipt and release of his mortgage and demanded a deed. The administratrix refused to deliver the deed without payment being made by Barnum of the amount bid for the property and insisted that the deed should contain a proviso that Barnum assume the mortgage of the Kendrick State Bank, which he refused to do.

On the 25th day of February, 1915, the respondent commenced this action to foreclose its mortgage. Barnum and the Farmers' Bank & Trust Company filed their separate answer; the administratrix filed her separate answer; Mary Zimmerman and Katherine Laudon, heirs of Joseph M. Wild,

entered their general appearance but failed to either demur or answer and default was taken against them. The action was dismissed as to W. W. Baker. The cause was tried by the court and judgment was rendered and a decree of foreclosure entered in favor of the Kendrick State Bank. This appeal is from the judgment.

While there are several assignments of error, the real contentions of appellant are: First, that by failing to file its claim as a secured claim, respondent waived its mortgage lien and became an unsecured creditor; second, that there is but one form of action for the enforcement of a private right; that a petition for the sale of property in probate is an action; that therefore, after a sale in probate no other proceedings can be had in the district court.

Discussing the propositions in the order above stated: Does the fact that respondent filed its claim as an unsecured claim operate as a waiver of its mortgage lien? In the instant case, respondent presented its claim as an unsecured claim, and it was allowed as such. However, it was always treated as a secured claim by the parties interested in the estate, including appellants, who had actual knowledge of the fact that it was a secured claim. The general rule is that a debtor whose claim is secured by a mortgage need not present his claim for allowance in order to preserve his right to subject the property covered by his lien to the satisfaction of his claim, but when he seeks to foreclose his mortgage he must waive all recourse against any other property belonging to the estate.

In *Bank of Sonoma County v. Charles*, 86 Cal. 322, 24 Pac. 1019, a case involving the identical question urged by counsel for appellants, it was contended: "That plaintiff, by presenting the note and having it allowed, waived his mortgage and all his rights under it."

The court said: "We do not think that the consequences of plaintiff's carelessness are so ruinous as to utterly preclude it from the benefit of the mortgage lien. Its property therein should not be held to be lost unless such holding be an inevitable legal conclusion. Plaintiff certainly did not intend to waive or abandon its mortgage. It evidently supposed that

the presentation of the note was a presentation of the mortgage also and it has proceeded on that theory ever since, and it would be unjust and inequitable not to allow plaintiff to correct the error into which it fell while it is not too late to do so, and when no injury will be done to other parties, . . . . . The fact that the note was presented and allowed, as above stated, presents no great difficulty.''

To the same effect are *Schuelenburg v. Martin,* 2 Fed. 747, 1 McCrary, 348; *Howard v. J. P. Paulson Co.,* 41 Utah, 490, 127 Pac. 284.)

The same principle has been applied with respect to a vendor's lien (*Selna v. Selna,* 125 Cal. 357, 73 Am. St. 47, 58 Pac. 16; and to a judgment lien (*Morton v. Adams,* 124 Cal. 229, 71 Am. St. 53, 56 Pac. 1038).

We are satisfied that the foregoing cases announce the correct rule, and we therefore hold that the fact that a mortgagee files his claim against a decedent's estate in probate as an unsecured claim does not operate *ipso facto* as a waiver of his mortgage lien.

Counsel relies on Rev. Codes, sec. 4020, to support his contention that in this state there is but one form of action for the enforcement of a private right. This section of the statute has no application to the point contended for, but is intended solely to abolish the distinction between actions at law and suits in equity and to substitute therefor one action, known as a civil action. Rev. Codes, sec. 4520, prescribes the only method for the recovery of a debt, or the enforcement of any right secured by a mortgage upon real estate or personal property, and this was the only action that could be maintained by the respondent in order to satisfy its debt secured by its mortgage. The filing of a claim, secured or unsecured, with the administrator, is not an action within the meaning of the rule contended for, and gives to the claimant no right of action, but leaves the selling of the property and the payment of the debt in the discretion of the administrator, in the manner prescribed by law. Had appellants lived up to their agreement and accepted the deed to the property after the confirmation of the sale, they would have taken the property

subject to the mortgage of the Kendrick State Bank, and would have been subjected to the necessity of either paying the mortgage or submitting to foreclosure.  No question as to election of remedies is here presented.

The trial court found, and the finding is supported by the evidence, that the distribution to respondent of its portion of the $700, which was distributed *pro rata* among the creditors, secured and unsecured, was made through inadvertence and under a misapprehension of the facts, and directed that the amount so paid to respondent be repaid to the administratrix, which was done.  Respondent, therefore, has not participated in the general assets of the estate and its relief in this action is limited to its security.

There appears to have been some discrepancy in the amount of the judgment occurring through an error in computation. Counsel for respondent admitted upon the argument that this discrepancy amounted to $80 and that the judgment should be reduced by that amount.  The trial court should correct its judgment accordingly.  For the purpose of this appeal, however, there is nothing in the point available as error,—no effort appears to have been made to have the trial court correct the judgment in this respect, nor is there anything to show that the discrepancy was called to the attention of the trial court.  The judgment should be corrected in accordance with the foregoing suggestion and, as thus corrected, is affirmed.  Costs awarded to respondent.

Morgan and Rice, JJ., concur.