(March 23, 1927.)

RUSSELL F. BERRY, Appellant, v. ELZUMER SCOTT, Executor of the Last Will and Testament of AARON G. SCOTT, Deceased, Respondent.

[255 Pac. 305.]

EXECUTORS AND ADMINISTRATORS—ACTION ON CLAIM SECURED BY MORT-GAGE — FORM — FORECLOSURE — PRESENTATION OF SECURED CLAIM—EFFECT.

1. Under C. S., sec. 6949, providing that there shall be but one action for recovery of debt and enforcement of rights secured by mortgage, action by mortgagee within the time fixed by section 7586, to establish claim against estate after rejection in probate court is prohibited, his remedy being foreclosure of mortgage.

2. On death of mortgagor, mortgagee may either present claim against estate, and if it is rejected, foreclose without waiving recourse against other property of estate for deficiency

or he may, without filing claim, foreclose mortgage under C. S., sec. 7588, waiving all recourse to deficiency judgment and looking alone to security.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Dana E. Brinck, Judge.

Action to recover on notes covered by mortgage. Judgment for respondent. *Affirmed.*

Reddoch & Hunter, for Appellant.

An action upon the claim as presented, which could have no other effect than to establish its validity and direct its payment in due course of administration is not within the prohibition of C. S., sec. 6949. (C. S., secs. 7585, 7586, 7592, 7648, 7649, 7710, 7711; *Idaho Trust Co. v. Miller,* 16 Ida. 308, 102 Pac. 360; *Kendrick State Bank v. Barnum,* 31 Ida. 562, 2 A. L. R. 1129, 173 Pac. 1144; *Dahlstrom v. Walker,* 33 Ida. 374, 194 Pac. 847; *Wilson v. Brannan,* 27 Cal. 258; *Ould v. Stoddard,* 54 Cal. 613; *Visalia Sav. Bank v. Curtis,* 135 Cal. 350, 67 Pac. 329; *Rein v. Callaway,* 7 Ida. 634, 65 Pac. 63.)

Frank T. Wyman, for Respondent.

The action required to be brought upon a rejected claim is determined by the nature of the claim itself. (*Idaho Trust Co. v. Miller,* 16 Ida. 308, 102 Pac. 360; *Flynn v. Driscoll,* 38 Ida. 545, 34 A. L. R. 352, 223 Pac. 524; *Tropico L. & I. Co. v. Lambourn,* 170 Cal. 33, 148 Pac. 206.)

A holder of a note secured by mortgage upon property in Idaho may not maintain an action at law upon the notes alone, but must foreclose his mortgage. (*Rein v. Callaway,*

Publisher's Note.

2. See 11 R. C. L. 207.

See Executors and Administrators, 24 C. J., sec. 955, p. 333, n. 69; sec. 1783, p. 723, n. 37.

Mortgages, 41 C. J., sec. 1013, p. 839, n. 92.

7 Ida. 634, 65 Pac. 63; *Clark v. Paddock,* 24 Ida. 142, 132 Pac. 795, 46 L. R. A., N. S., 475; *Farmers' State Bank v. Gray,* 36 Ida. 49, 210 Pac. 1006.)

GIVENS, J.—Aaron G. Scott, deceased, gave appellant two notes secured by a mortgage upon real property. Both parties were residents of the state of Idaho at the time the notes and mortgage were given but appellant subsequently moved to California, where he has since resided.

After Aaron G. Scott's death June 11, 1922, letters testamentary were issued to the son, who, as executor, caused notice to creditors to be published, the first publication being July 21, 1922, wherein creditors were notified to present their claims within ten months. Berry did not see the notice and learned of the death of Scott some time in July, 1922.

In October, 1923, appellant came to the state and on January 11, 1924, after the time set forth in the published notice had expired, presented his claim to the probate court seeking permission to file his claim. The application was denied and the claim in effect thereby rejected and the action herein was brought for the purpose of establishing the claim and praying that the amount of the notes and accrued interest be adjudged a valid claim against the estate and that the same be paid in the due course of administration. Judgment was entered in favor of respondent and this appeal was taken from that judgment.

[1] The main question involved and the only point necessary for determination is with respect to the conclusion of the trial court that this action in the form in which it was instituted and prosecuted is prohibited by C. S., sec. 6949, and that the plaintiff is entitled to no relief.

C. S., sec. 6949, reads in part as follows:

"There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. . . . . "

It is appellant's contention that in view of the "Probate Act," "Civil Practice Act," and "Code of Civil Procedure," 1864, it was never intended that C. S., sec. 6949, was to apply to the foreclosure of a mortgage, where a claim against an estate secured by mortgage has been presented and rejected, and that the statutes contemplate that notes secured by mortgage may be presented to the executor or administrator and in the event of their rejection the claimant must bring suit in the proper court and within the time fixed by C. S., sec. 7586, and that the "proper court" referred to in this section means the court having jurisdiction of the subject matter of the claim. In other words, that an action at law may be brought on the notes and the claimant is not compelled to foreclose his mortgage.

This court in construing C. S., sec. 6949, has held that the intention of the legislature in enacting this section was to provide an exclusive remedy in such cases (*Rein v. Callaway,* 7 Ida. 634, 65 Pac. 63), and the holder of a note secured by mortgage cannot maintain an action for the collection of such note, without at the same time and in the same action proceeding to foreclose his mortgage, unless it be shown that the security is valueless. (No mention of the value of the security was made herein.) (*Clark v. Paddock,* 24 Ida. 142, 132 Pac. 795, 46 L. R. A., N. S., 475; *Farmers State Bank v. Gray,* 36 Ida. 49, 210 Pac. 1006.)

C. S., sec. 7588, is practically identical with Cal. Code Civ. Proc., sec. 1500, and in *Hibernia Sav. & Loan Soc. v. Conlin,* 67 Cal. 178, 7 Pac. 477, the California court points out the procedure in such cases as follows:

"It was manifestly the intention of the section last referred to, as it was first adopted and as it was re-enacted in 1876, to give the holder of the mortgage, where he held a claim against the estate secured by it, which, when allowed, would rank with the acknowledged debts of the estate, an election to present the claim for allowance, have it allowed, and proceed to foreclose for the whole amount due on the claim, including any deficiency arising on a sale of the mortgaged premises, or to present no claim and sue on the

mortgage alone, and obtain whatever might be realized on a sale of the mortgaged premises under the decree of fore-closure.''

[2] In other words, the claimant has two lines which he may follow at his discretion: If he believes that the security, the real estate mortgaged, is sufficient to pay his mortgage, he may waive all recourse to a deficiency judgment and look alone to the security to pay the mortgage, that is, foreclose his mortgage. (C. S., sec. 7588; *Anglo-Nevada Assur. Corp. v. Nadeau's Exrs.*, 90 Cal. 393, 27 Pac. 302; *Raggio v. Palmtag*, 155 Cal. 797, 103 Pac. 312; *Drefus v. Giles*, 79 Cal. 409, 21 Pac. 840; *Security Savings Bank v. Cornell*, 65 Cal. 574, 4 Pac. 580.) If, on the other hand, the claimant does not believe the security to be sufficient to pay the amount of the mortgage, he may present his claim to the executor or administrator, and if it be rejected the mortgagee may bring action to foreclose without waiving recourse against other property of the estate for any deficiency. In rejecting the claim the administrator is but exercising the same right the deceased had in his lifetime, namely, that of requiring the mortgagee to resort first to the security. (*Weiser Loan & Trust Co. v. Comerford*, 41 Ida. 173, 238 Pac. 515.)

Appellant cites *Idaho Trust Co. v. Miller*, 16 Ida. 308, 102 Pac. 360, to the proposition that the ''proper court'' referred to in C. S., sec. 7586, is the court which has jurisdiction of the subject matter of the claim. There is nothing in this decision that is contrary to the proposition that the mortgagee must foreclose his mortgage. In that case the action was one at law and the court said that the ''proper court'' is the court that has jurisdiction under the constitution and laws of the state to hear and determine a civil action for the recovery of a debt sued on, to be brought in the justice, probate or district court according to the amount claimed. The case deals with what was the proper court and not what was the proper action. In other words, if the claim is allowed the necessity for foreclosure is obviated, but if the claim is rejected the mortgagee is no longer

affected by the statutes relative to probate proceedings in so far as enforcing his claim and obtaining a judgment are concerned.

"If permission to present it against the estate is denied, that is equivalent to a rejection of the claim, and it then is in the same position as any other rejected claim, and must be established by an action at law in which the claimant must affirmatively establish all matters which it was essential for him to make proof of in the first instance to the judge or court to whom application was made to be permitted to present it against the estate. . . . . In such action we think, as we have stated, that in the matter of supporting or defeating its validity, it is subject to the same rules as apply to other rejected claims." (*Tropico Land & Imp. Co. v. Lambourn,* 170 Cal. 33, 43, 148 Pac. 206, at 210.)

In construing the statutes prescribing probate proceedings as exclusive the claim was allowed. (*Visalia Sav. Bank v. Curtis,* 135 Cal. 350, 67 Pac. 329.)

In *Hibernia Sav. & Loan Soc. v. Thornton,* 109 Cal. 427, 50 Am. St. 52, 42 Pac. 447, a note and mortgage were given on property upon which a declaration of homestead had previously been filed by one O'Neil and wife. The wife thereafter died and no claim was presented against her estate upon the note and mortgage and the superior court held that by reason of the failure of the plaintiff to present his claim to the administrator of the estate of the wife the mortgage lien was extinguished by virtue of section 1475 of the Code of Civil Procedure of California, an action having been brought upon the note alone. The court said: " . . . . but when the mortgagee, by his own act or neglect deprives himself of the right to foreclose the mortgage, he at the same time deprives himself of the right to an action upon the note. He will not be permitted without the consent of the mortgagor to release the mortgage for the purpose of bringing an action upon the note. 'He is not authorized to waive the security, and bring an action on the indebtedness' (*Baribeiri v. Ramelli* [84 Cal. 154, 23 Pac. 1086], *supra*) ; and whether he release the security by some

affirmative act, or by his neglect, is immaterial. In the present case, the plaintiff neglected to present his claim, and have it allowed and paid out of the estate of the decedent. Whether, upon the facts as shown in this case, this neglect had the effect to release the mortgage lien, is immaterial. If it did have that effect, as it was the result of his own neglect, the plaintiff cannot rely upon such neglect as giving authority to bring an action against the defendant upon the note alone. If it did not have that effect, the plaintiff should have brought his action to foreclose the mortgage."

C. S., sec. 6949, has been construed with reference to its application to the enforcement of a claim against a decedent's estate as follows:

"Rev. Codes, sec. 4520, prescribes the only method for the recovery of a debt, or the enforcement of any right secured by a mortgage upon real estate or personal property, and this was the only action that could be maintained by respondent in order to satisfy its debt secured by its mortgage. The filing of a claim, secured or unsecured, with the administrator, is not an action within the meaning of the rule contended for, and gives to the claimant no right of action, but leaves the selling of the property and the payment of the debt in the discretion of the administrator, in the manner prescribed by law." (*Kendrick State Bank v. Barnum*, 31 Ida. 562, 2 A. L. R. 1129, 173 Pac. 1144.)

The judgment is affirmed, costs awarded to respondent.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.