[No. 3309.   Jan. 23, 1930.]

TIERNEY v. SHAKESPEARE.

[284 Pac. 1019.]

James G. Fitch, of Socorro, for appellant.

Edward D. Tittmann, of El Paso, Tex., for appellee.

OPINION OF THE COURT

WATSON, J.   C. T. Brown died January 15, 1925, owning 114 shares of the stock of the Socorro State Bank and, as a stockholder, "individually responsible for all

contracts, debts and engagements of such corporation * * * to the amount of his stock therein, at par value thereof, in addition to the amount invested in such stock." Laws 1923, c. 149, § 8.

In March of that year his will was admitted to probate, an executrix was appointed and qualified, and gave notice to creditors. June 8th following, the bank failed and in due course passed into the hands of a receiver, whose duty it became to collect the assets of the bank, including the additional liability of its stockholders. Maddison v. Bryan, 31 N. M. 404, 247 P. 275. The present suit is by the receiver against the executrix to enforce the liability. Judgment was for the former, and the question is whether it can stand despite the facts that the suit was commenced more than one year after the executrix' appointment and that no claim had been filed in the probate court. Code 1915, §§ 2276-2286.

Appellant contends that we have here to deal with an ordinary contingent claim against appellee's testator, within contemplation of Code 1915, § 2286, and which, not having been filed as prescribed in Code 1915, § 2278, is barred. We cannot admit the point.

We need not question, though we do not decide, that if it were an ordinary contingent claim the results contended for would follow. Nor need we enter the controversy whether, during the lifetime of Mr. Brown, he was under a contingent liability.

We are convinced, at least, that there is another ground of liability. It results from the fact that upon the appointment of appellant as executrix she succeeded her testator in the ownership of the stock, and, as a stockholder, came, in her official capacity, under the liability of the statute. Her liability, even if traceable to a former liability of her testator, still exists independently of it. To this we are brought by the reasoning in the following cases: Hirning v. Kurle (S. D.) 223 N. W. 212; Farmers' State Bank v. Callahan, 123 Kan. 638, 256 P. 961; Mortimer v. Potter, 213 Ill. 178, 72 N. E. 817; Miller & Lux v. Katz, 10 Cal. App. 576, 102 P. 946; Witters v. Sowles (C. C.)

32 F. 130; Parker v. Robinson (C. C. A.) 71 F. 256; Zimmerman v. Carpenter (C. C.) 84 F. 747.

In each of these decisions it was held that the statute of nonclaim was not applicable. The same result is reached in Baird v. McMillan, 53 N. D. 257, 205 N. W. 682, 41 A. L. R. 177. The reasoning of that case is different however. It is pointed out that there can be no liability until the contingency happens because, until a receiver has been appointed, there is no existing party to whom the liability is owed or who could discharge it. This case we merely note in passing.

We have, then, a claim against the estate, independent of any pre-existing claim against the decedent. It is a liability which during the course of administration has unfortunately fallen upon the estate. It may be classified for present purposes with expenses of administration and with contract liabilities assumed by the personal representative during administration. To determine liability it is unnecessary to inquire whether the stock was in fact left by the decedent as a part of his estate or whether the estate acquired it otherwise. Does the term "claims against the estates of deceased persons" include such claims?

The term just quoted and similar expressions, without further definition by statute, have usually been held to apply "to claims which existed against decedent in his lifetime," and not to "claims which come into existence after his death." "Executors and administrators." 24 C. J. § 952; 11 R. C. L. § 210. The numerous decisions cited show a variety of demands against estates not deemed embraced within the nonclaim statute. Statements of the grounds for excluding them are not uniform. But the underlying distinction is well expressed in Martin v. Saxton, 48 Utah, 488, 160 P. 441, where it was said:

"We think the demands and claims referred to in the statute requiring presentation are those arising out of contracts or transactions with the decedent, and not to claims or transactions had with the executor or administrator."

If we were to admit, though not deciding, that the present claim is classifiable as a contingent liability of the testator becoming absolute after his death and within the

time for filing claims, it does not help appellant, because it is also classifiable as a claim against the estate in its capacity as stockholder. That appellee might have been barred from recovery upon one theory of liability is of no consequence, since another theory remains under which he is not barred.

This disposes of the legal question which seems to have been decided below. Appellant now contends, however, that the district court lacked jurisdiction of the cause. She urges that exclusive jurisdiction resided in the probate court. She cites First Nat. Bank v. Dunbar, 32 N. M. 419, 258 P. 817; Michael v. Bush, 26 N. M. 612, 195 P. 904, and Buss v. Dye, 21 N. M. 146, 153 P. 74. The two former deal with Code 1915, § 1430, defining the jurisdiction of the probate court, and hold that the remedy of a party aggrieved by an order of such court, within its jurisdiction, is by appeal. The section mentioned does not seem to settle the jurisdiction over claims against the estate.

Buss v. Dye, supra, construed Code 1915, §§ 2277, 2278, and 2279, the sections hereinbefore considered. Appellant argues that we there held that, though sections 2278 and 2279 contemplate suits in the district court within 18 months after the appointment of an executor or administrator, a filing of the claim within one year in the probate court must precede it. Be that as it may, the decision reached no farther than the case before it and the sections construed. It is not controlling where the subject-matter of the suit is not necessarily classifiable as a "claim against the estate of a decedent." If these sections do not, as we have found, limit the time of filing claims arising out of "contracts or transactions had with the executor," they do not limit jurisdiction to the probate court, and we find no such statutory limitation.

The judgment being consistent with these views, it will be affirmed, and the cause remanded.

It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.