[L. A. No. 13865. In Bank.—March 24, 1933.]

E. J. WEIMER, Appellant, v. MABEL A. WEIMER et al., Respondents.

Daniel E. Farr and W. Torrence Stockman for Appellant.

A. L. Hubbell for Respondents.

PRESTON, J.—Plaintiff, nineteen days prior to the running of the statute of limitations, filed a suit to foreclose a mortgage executed by Mabel A. Weimer and her husband, E. L. Weimer. The caption of the complaint named the wife individually and also as administratrix of the estate of her deceased husband. The complaint also mentioned

his decease but did not allege in appropriate language the appointment, and the regularity thereof, of an administratrix. The summons likewise issued to the wife in both capacities and she was so served therewith.

A demurrer was interposed to the complaint upon the ground that it did not properly allege the appointment and qualification of the personal representative of the deceased husband but prior to the hearing thereon, the plaintiff amended his complaint in such a way as to allege, although imperfectly, the appointment and qualification of the wife as administratrix. The defendant wife, in both capacities, demurred to the amended complaint upon the further ground that plaintiff had not filed a claim against the estate nor had he waived recourse against it as required by former section 1500 of the Code of Civil Procedure, section 716 of the Probate Code.

This demurrer, however, was overruled and defendant, in both capacities, filed an answer setting up the statute of limitations, her appointment as administratrix, failure of plaintiff to file a claim against the estate, etc., whereupon plaintiff demurred to the answer and in effect moved for judgment on the pleadings in his favor.

The court, however, took an opposing view of his cause and entered an order overruling the demurrer to the answer, setting forth the failure to file a claim against the estate and to waive recourse against any other property thereof, and ended the order by dismissing the cause not only as to the estate but also as to the wife individually. Plaintiff thereupon moved the court to set aside the order of dismissal and asked for permission to amend his complaint by alleging therein that he waived all recourse against all property of the estate other than said property described in said mortgage and to further amend his complaint by striking therefrom a request for $500 attorney's fees. This motion to set aside the order of dismissal and permit amendment of the complaint was denied. Plaintiff, therefore, has appealed from the order of dismissal and also from the order denying his motion to set aside the dismissal and from the order refusing him leave to amend his complaint in the respects above mentioned.

█ It seems too clear for controversy that the court dealt too harshly with plaintiff in this action. Under authority

of *Bank of Sonoma* v. *Charles,* 86 Cal. 322 [24 Pac. 1019], and *Anglo-Californian Bank* v. *Field,* 146 Cal. 644 [80 Pac. 1080], the court should not have given the order of dismissal but, on the contrary, should have permitted amendment of the complaint in the manner sought. To dismiss the action now is to bar the claim entirely. It is our view that respondents' contentions have not enough substance to permit a bar of the statute and appellant should prevail on this appeal.

The orders are reversed.

Tyler, J., *pro tem.,* Waste, C. J., Curtis, J., Langdon, J., Shenk, J., and Seawell, J., concurred.