SARAH F. BASEN AND GRACE F. GROSMAN, EXECUTRICES OF THE ESTATE OF ABRAHAM FISHMAN, DECEASED, RESPONDENTS, v. CLINTON TRUST COMPANY, APPELLANT.

Argued May 28, 1935—Decided October 9, 1935.

For the appellant, *Burke, Sheridan & Hourigan* (*Merritt Lane*, of counsel).

For the respondents, *Grosman & Grosman.*

The opinion of the court was delivered by

LLOYD, J. In reviewing the proceedings in this case we find it necessary to deal only with the question of estoppel.

The bank defendant was one of the large number of financial institutions caught in the panic of March, 1933. The trust company, a member of the federal reserve system, was closed under the bank holiday order issued by the president on March 6th and was unable to reopen its doors under the terms of an executive order of the president subsequently made in pursuance of an act of congress hastily passed to meet the emergency and prescribing conditions under which banking operations could be resumed. The company was later permitted to operate in a limited manner under restrictions imposed by the state commissioner of banking and insurance. Thereafter the institution was reorganized and on May 7th, 1934, was authorized to resume its banking business without restriction or limitation.

In September, 1934, the plaintiffs below, as executrices of the estate of Abraham Fishman, brought an action against the bank as thus reorganized to recover the balance of a deposit which had been made by Fishman in his lifetime and prior to the closing of the bank.

To the complaint in this action the bank filed an answer setting forth the foregoing facts and alleging that it was impossible for the bank at the time of closing to meet the demands of its depositors by the liquidation of its assets; that in the then condition of the market for securities great loss would have ensued to its creditors had an attempt been made to convert them into money; that in this situation the bank, by virtue of the act of the legislature approved April 12th, 1933 (*Pamph. L.* 1933, *p.* 241), was reorganized, and in such reorganization new moneys were brought into the treasury of the bank through the issuance of preferred stock; that of these new moneys the Reconstruction Finance Corporation (a federal agency) contributed $250,000; that this fund enabled the bank to pay to its depositors fifty per cent. of their deposits in cash (ten per cent. more than they would have received through liquidation) twenty-five per cent. in class B preferred stock and twenty-five per cent. in partici-

pating certificates in securities not available as current assets of the bank; that the plan was approved by the banking commissioner after full notice to the creditors, including the plaintiffs, and approved by the requisite number of stockholders, and the payment of cash to the plaintiffs as called for therein was made.

To the plan the plaintiffs refused consent on the ground that the estate they represented was itself in liquidation. They, however, accepted the fruits of the reorganization and received in cash the sum of $4,125.47, being one-half of the deposit originally made by the deceased depositor.

By so doing we think they were thereafter estopped from contesting the validity of the reorganization and from now repudiating the benefits derived thereunder. They were aware that large hitherto unavailable funds were coming into the institution of which they were receiving the benefit; they were aware that their fellow depositors were accepting the fifty per centum of their claims called for by the plan and securities of uncertain value as to the remainder, and that the bank was operating as a live organization and not going through the slow process of a forced liquidation with great loss to themselves.

The learned trial judge, deeming the foregoing statement of facts insufficient in law to prevent recovery by the plaintiffs, struck out the answer and ordered judgment for the plaintiffs.

In this we think there was error. The doctrine of estoppel is peculiarly applicable to the present case. By permitting the plan to be adopted and carried into effect without objection and accepting the benefits of the enlarged fund created by the reorganization, it constituted acquiescence in the plan and its future operation and the plaintiffs should not now be heard to contend to the contrary. *Todd* v. *Exeter Land Co.*, 104 *N. J. Eq.* 431; *Sun Dredging Co.* v. *Ottens*, 84 *N. J. L.* 740. As succinctly stated in 21 *Corp. Jur.* 1206, "where one having the right to accept or reject a transaction takes and retains benefits thereunder, he ratifies the transaction, is bound by it, and cannot avoid its obligation or effect by taking a position inconsistent therewith."

Though the estoppel *in pais* in this case may be properly denominated an equitable estoppel, it is nevertheless available at law. *Sun Dredging Co.* v. *Ottens, supra; Crawford* v. *Winterbottom,* 88 *N. J. L.* 588.

It is unnecessary to enlarge upon the rule of law thus laid down. The judgment is reversed, and the answer reinstated to the end that the cause may proceed according to law.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, JJ. 14.