## McINTYRE v. GUARANTEE TRUST CO. OF ATLANTIC CITY.

### No. 502.

District Court, D. New Jersey.
July 31, 1941.

Irving I. Jacobs, of Atlantic City, N. J., for plaintiff.

Cole & Cole, of Atlantic City, N. J., for defendant.

## FORMAN, District Judge.

Plaintiff seeks a money judgment in the amount of $16,000 arising out of a fund she had on deposit to her credit with the defendant bank on February 20, 1933, demand for payment being refused. Defendant restricted all its accounts on February 21, 1933, by virtue of direction to that end given by the Commissioner of Banking and Insurance of the State of New Jersey under the authority of Laws of 1933, Chapter 27, as amended by Laws of 1933, Chapter 66, Revised Statutes of New Jersey, 1937, 17:9–13, N.J.S.A. 17:9–13. Defendant thereafter reorganized under and by virtue of the authority contained in Laws of 1933, Chapter 116, Revised Statutes of New Jersey 17:8–1 et seq., N.J.S.A. 17:8–1 et seq., permitting banks to amend their charters to provide for the issuance of preferred stock, and authorizing those banks which had not reopened on an unrestricted basis to reorganize with the permission of the Commissioner of Banking and Insurance and the written consent of seventy-five per cent of their depositors and two-thirds of their stockholders by issuing preferred stock for their deposits. Defendant's plan of reorganization provided for the conversion of the entire amount of its restricted deposits into nonassessable preferred stock with a par value of $10 per share at the rate of one share for each $30 of deposits with 3% cumulative dividends, having no voting rights and redeemable at $30 per share plus accrued dividends. It further provided that no dividends were to be paid to holders of common stock until all of the preferred stock was redeemed and dividends thereon paid in full. Deposits made since February 20, 1933, which were without the restriction imposed on that date were unaffected by the plan and would be repaid in cash on demand. Plaintiff alleges that she did not consent to the reorganization of the defendant pursuant to Chapter 116 of the Laws of 1933 roughly outlined above, that the statute is unconstitutional, and that the plan promulgated thereunder was violative of her constitutional rights.

Defendant contends, aside from arguments refuting allegations with regard to the unconstitutionality of the statute, that plaintiff is estopped from contesting the validity of reorganization. The reorganization of defendant constituted a realignment of creditors whose concessions were mutually dependent in that effectiveness of the consents given depended upon compliance with the statutory condition that at least seventy-five per cent of the depositors and two-thirds of the stockholders agree to the plan of reorganization. At the inception of the recast it is true that plaintiff did not signify in writing her willingness to consent to the plan of reorganization. However, she had personal knowledge of it, because defendant made public notice thereof, addressed letters to all creditors, and contacted many personally. Many weeks were consumed before this plan was effected, and not until February 1, 1934, was the defendant authorized by the Commissioner of Banking and Insurance of New Jersey to resume normal banking operations. Suit was instituted herein on March 28, 1935, more than a year after the plan became effective. Prior to that time and during its pendency she received dividends on the preferred stock issued to her in lieu of a surrender of her cash deposit. These dividends are evidenced by defendant's checks in the amount of $121.82 each, dated February 21, 1934, and February 21, 1935. Plaintiff also accepted similar dividends in the years 1936 to 1940, inclusive.

In the case of Basen v. Clinton Trust Co., 115 N.J.L. 546, 181 A. 67, plaintiffs in September, 1934, brought suit to recover the amount of a deposit made by their testator with the defendant bank which had reor-

ganized and resumed banking operations on May 7, 1934. The defendant's answer alleged its reorganization by which it had raised additional capital by the issuance of preferred stock which had enabled it to pay fifty per cent to depositors, and the balance in stock and participating certificates, including plaintiffs'. Although plaintiffs had not consented to the plan of reorganization, the court held that they were estopped from contesting its validity because they had accepted the benefits derived therefrom.

A similar conclusion was reached in the case of Newman v. Asbury Park & Ocean Grove Bank, 120 N.J.L. 122, 198 A. 286. Therein, the plaintiff, trustee, had money on deposit with the defendant bank which had been closed by the Commissioner of Banking and Insurance. During liquidation plaintiff received a dividend on the deposit. Following the resumption of defendant's normal banking operations pursuant to a plan of reorganization, plaintiff demanded the balance of the deposit in full. Recovery was denied on the ground that plaintiff had received payments from the bank and by his inaction permitted a new situation to arise in which case it was too late for him to complain when he had availed himself of none of the remedies provided by law. In addition, the court examined the plan adopted by defendant and found it fair and equitable.

Defendant relies on these cases for the proposition that plaintiff cannot now make claim against it. Plaintiff makes the following distinctions: In the case of Basen v. Clinton Trust Company, supra, the plaintiffs were estopped because they received a portion of the deposit out of funds created by the reorganization; in the case of Newman v. Asbury Park & Ocean Grove Bank, supra, the court found the proposed plan was fair and equitable. To these, plaintiff adds that there can be no estoppel against her because there was a failure upon defendant's part to disclose that certain correspondent banks and the Reconstruction Finance Corporation were given a preferred status and the management of the bank became possessed of common stock in the reorganized company, in which case even if plaintiff had expressly assented to the plan of operations she could have repudiated. Accordingly, it is contended that plaintiff herein is not estopped because she has received no benefit from funds created by the reorganization, because there was not a full disclosure in the plan of reorganization, and because the plan is, in fact, unfair and inequitable.

■ Regardless of the source out of which plaintiff received payments, the fact is that these payments were made pursuant to the plan of reorganization. A new situation has arisen thereunder; the rights of numerous creditors have been readjusted, and the defendant itself has spent several thousand dollars as well as considerable effort in effecting a plan of reorganization. The relief requested, if granted, would not only dislodge the rights of all creditors and hamstring defendant's efforts and expenditures, but would elevate plaintiff's position above all others. We do not feel that the status quo can be disturbed now, due to plaintiff's failure to act promptly which can only be construed as implied assent to the plan.

The plan to which this implied consent was given was a conventional one conditioned upon statutory requirements for approval. It was supported in writing by eighty per cent of the creditors whose deposits ran into the millions of dollars, and this plaintiff solely has expressed her dissatisfaction in suit. Reference is made to this only to indicate that the plan must have been considered fair and equitable by nearly one hundred per cent of all the creditors.

■ The contentions that there was a failure to disclose the plan in its entirety, and that the old management of the bank wrongfully gained possession of common stock in the reorganized bank are without merit. Plaintiff has failed to impress us that any fraud was committed under these allegations. The preferred stock must be redeemed in full and cumulative dividends must be paid before the common stockholders are entitled to dividends. The preferred stockholders in turn were given an option to convert their preferred holdings into common stock. We do not know when plaintiff acquired knowledge of the alleged secret preferences, and again the timeliness of the attack is relevant. Furthermore, the checks evidencing payment of dividends to plaintiff pursuant to the plan of reorganization bear dates subsequent to the filing of the complaint. Therefore, we are constrained to the conclusion that the acceptance of these checks was with knowledge of the alleged concealment.

■ Finally, we can see no substantial distinction between the plan of reorganization effected in this case and those that have

been considered by the courts in the cases of Basen v. Clinton Trust Co., 115 N.J.L. 546, 181 A. 67; Newman v. Asbury Park & Ocean Grove Bank, 120 N.J.L. 122, 198 A. 286; McSweeney v. Equitable Trust Co., 198 A. 529, 16 N.J.Misc. 193. In any event it becomes unnecessary for us to rule on the constitutional points raised by plaintiff because we feel she effectively waived her privileges in those respects.

Judgment will therefore be given in favor of the defendant.